## GREEN *v.* FARRAR LUMBER COMPANY *et al.,*
### and *vice versa.*

Under the provisions of the Civil Code, § 2801 (2), as amended by the act of 1899 (Acts 1899, p. 33, Van Epps' Code Supp. § 6176), the owner of property improved by a contractor is bound to see that money paid by him to the contractor is applied to claims for material or labor unpaid at the date of the payment to the contractor, or else he will be liable for such claims in the event the contractor fails to pay them. When no claims of lien have been filed, the materialmen and laborers may be paid in such order as the contractor determines. If a claim of lien has been filed and recorded, then the owner must see that such materialman or laborer is satisfied out of the money paid by

him to the contractor, or he will be held liable for the amount in the event, upon suit brought, it should be determined that the claim was valid. The owner is not in any event required to pay more than the contract price of the improvement to materialmen and laborers, but it is incumbent upon him to see that payments to the contractor are, to the full amount of the contract price, appropriated to materialmen and laborers, if there are valid claims to this extent.

Argued November 5, — Decided November 14, 1903.

Equitable petition.     Before Judge Fite.     Whitfield superior court.     April 14, 1903.

*R. J. & J. McCamy*, for plaintiff.     *W. C. Martin, W. M. Jones*, and *Shumate & Maddox*, for defendants.

COBB, J.     Mrs. Green filed an equitable petition against Jones and others, in which she alleged that she had made a contract with Jones to erect a dwelling-house at a cost of $1,100; that the house was completed with the exception of several small items mentioned in the petition; that, after deducting what she had paid on the contract and the reasonable cost of completing the house, there was still due Jones $183.40, which she asked that she might pay into court, in order that Jones and the other defendants might determine in what proportion they were entitled to the same.     The case came on to be tried upon an agreed statement of facts, in which it was set forth that on July 18, 1901, Mrs. Green entered into a written contract with Jones, whereby he was to furnish all material and labor and do all the work necessary to construct a dwelling-house according to the plans and specifications referred to in the contract, the contract price to be paid weekly as the work progressed, Mrs. Green to retain twenty per cent. of the contract price as security for the completion of the house; that as the work progressed she paid to Jones, or to materialmen and laborers at his request, $884.40 in the aggregate, all of this amount having been paid to Jones, except $59.40, which was paid directly to parties who had lawful claims against Jones for material or labor; that during the progress of the work Jones paid to materialmen and laborers $1,013; that when he quit work the house was in such a condition that it would cost $52.71 to complete it according to contract; that none of the parties to whom either plaintiff or Jones had paid sums of money for work or material had filed liens upon the house and lot; that the actual cost of the house for work done and material furnished

was $1,632, or $532 more than the contract price; that certain parties named have claims against Jones, amounting in the aggregate to $510.78, for material furnished and work done, and have filed and recorded their liens in due time and in the manner prescribed by law.     The judge held that Mrs. Green " was liable to all persons doing work on the house in question or furnishing material therefor, for such proportionate part of the claim of each as the contract price, less the amount she was forced to pay to complete the job, bore to the amount which the building actually cost W. T. Jones, the contractor."     In accordance with this holding he entered a decree against Mrs. Green in favor of the different parties who had filed liens, for sums aggregating $277.25.     To this decree Mrs. Green excepted on the ground that it required her to pay a sum exceeding the contract price of the house; and those in whose favor the decree was rendered excepted on the ground that the court erred in not decreeing that they should be paid their claims in full.

The determination of this question depends upon what is the proper construction of Civil Code, § 2801, as amended by the act of 1899.     See Acts 1899, p. 33, Van Epps' Code Supp. § 6176. Paragraph one of the section just referred to provides that all mechanics of every sort who take no personal security for work done or material furnished in improving real estate, and all contractors, materialmen, and persons furnishing material for the improvement of real estate, shall have special liens on such real estate.     Section 2, as amended by the act of 1899, provides: " When work done or material furnished for the improvement of real estate is done or may be furnished upon the employment of a contractor, or some other person than the owner, then, and in that case, the lien given by this section shall attach upon the real estate improved, as against such true owner, for the amount of the work done or material furnished, unless such true owner shows that such lien has been waived in writing, or produces the sworn statement of the contractor, or other person, at whose instance the work was done, or material was furnished, that the agreed price or reasonable value thereof has been paid; *provided,* that in no event shall the aggregate amount of liens set up hereby exceed the contract price of the improvements made."     It is well settled that laws giving to a creditor a lien upon the property

of his debtor, being in derogation of common law, are to be strict-
ly construed against the creditor and liberally in favor of the
debtor.    If there are degrees of strict construction, certainly an
act of the General Assembly which has for its purpose the giving
of a lien upon property of one in favor of the creditor of another
should be dealt with according to the strictest rules of strict con-
struction.    The purpose of this act is to protect materialmen and
laborers for work done and material furnished to contractors who
fail or refuse to pay.    Under it the liability of the contractor
to his materialmen and laborers is transferred to the person who
employs the contractor.    It would seem that if the money due to
the contractor by the owner is actually used by the contractor in dis-
charging just and valid claims of materialmen and laborers, the
purposes of the law have been accomplished.    And in the light of
the fact that the act expressly declares that in no event shall the
claims of materialmen and laborers against the owner and con-
tractor exceed the contract price of the improvement, if the owner
can show that all amounts paid by him to the contractor have
been appropriated to the payment of valid and just claims of ma-
terialmen and laborers, he should not be held liable for any addi-
tional sum, notwithstanding the contractor may be indebted to
other materialmen and laborers ; that is to say, the owner is bound
for the contract price and is bound to see that to the extent of
this price the amounts paid to the contractor are appropriated by
him to the payment of valid claims of materialmen and laborers ;
but if the aggregate claims of materialmen and laborers exceed the
contract price, the loss should fall upon them rather than upon the
owner.    If the owner pays to the contractor any sum of money
which is not applied to the discharge of claims of materialmen and
laborers, then the owner would be liable to the extent of the
amount not so applied, in the event any materialmen or laborer
had an unsatisfied claim against the contractor and asserted his
lien in due time and in the proper manner.

Giving this law this construction requires that the word " liens "
shall be construed to mean, not the perfected and recorded liens,
but the inchoate or imperfect liens, or claims arising by the mere
furnishing of material or the performance of labor.  · If at the time
of the payment to the contractor no materialman or laborer has
filed and recorded his lien, the payment to any of the material-

3

men or laborers having claims of lien which might be perfected by the filing and recording of the liens may be made by the contractor; and if the money of the owner is used for this purpose, he will not be required to pay this amount again to any materialman or laborer. Certainly it was not intended that this law should have the effect of compelling materialmen and laborers to file liens before they could obtain payment out of the money paid the contractor by the owner. See Civil Code, § 3935. When none have filed and recorded liens, but all have claims of lien, the payment by the contractor, out of money furnished him by the owner, of any such claims will be sufficient to discharge the liability of the owner to any other materialmen or laborers to the extent of the amount paid. If any materialman or laborer has filed his lien, then payment to others in preference to him would be at the peril of the owner; and if any such lien were finally reduced to judgment, it could be enforced against the owner. This construction of the act requires that materialmen and laborers must be paid to the extent of the contract price; that whenever a materialman or laborer presents a claim within the time he would be compelled to file and record his lien, the discharge of his claim by the contractor will protect the owner to this extent against unsatisfied claims of other materialmen and laborers; but that where claims of liens have been duly recorded, payments made to other materialmen and laborers with the money of the owner will be no reply to the claims of such materialmen or laborers so recording their liens. Applying the law so construed to the facts of the present case, there being no liens filed or recorded at the time Mrs. Green made various payments to the contractor, if these payments were in fact applied to the discharge of valid claims of materialmen and laborers at a time when they were entitled under the law to file and record their liens, then the amounts so paid are to be construed as part payment of the contract price as against the claims of materialmen and laborers who filed their claims of lien subsequently to the payment; and this is true whether the material for which the lien was claimed was furnished at the time of the payment or the work for which compensation was asked was done at that time. The owner and contractor can pay materialmen and laborers in such order as they see proper until claims of lien are filed and recorded. Those who desire to obtain a pref-

erence have their remedy by promptly filing their claims of lien under the law. · Even so construed, the law will operate harshly in a given case; but it seems to us that the act requires the construction we have given to it.   The decree rendered by the judge was not in accord with these views, and the judgment on Mrs. Green's bill of exceptions must be reversed.   Under the facts as they appear in the present case, there was no error in refusing to decree the full amount of the unpaid claims, and therefore the bill of exceptions of the Farrar Lumber Company and others will be affirmed.   Let the case be tried again in the light of what is herein laid down.

*Judgment on the one bill of exceptions reversed; on the other affirmed. All the Justices concur.*