## ROWELL *v.* HARRIS.

In proceedings under the Civil Code, § 2801, as amended, laborers, material-men, and subcontractors can recover only to the extent that the owner of the property became liable to the contractor under the contract for the improvement of the real estate.

Submitted October 22, — Decided November 11, 1904.

Certiorari. Before Judge Felton. Bibb superior court. May 30, 1904.

On July 21, 1903, Lawson contracted to build and alter a house for Harris for $725. Harris paid Lawson $25 or $40 on account. Lawson did about $200 worth of work, and thereupon abandoned the contract. Rowell was an employee of Lawson, and recorded his lien, within three months after performing the services, for $20, the amount of work he had done. After Lawson abandoned the contract, Harris got bids from other contractors to complete the contract, and awarded it to J. B.

Haigler at $825, he being the lowest bidder. Harris paid, on Haigler's order, to Wilder's Son and Lee & Green $231.67 upon their agreement to claim no lien on the property, paying the balance of the contract price to Haigler, and taking from him an affidavit that "the agreed price and reasonable value of all labor and work done and used upon said house, and all material used therein, has been paid by affiant, except Wilder's Son $57, and Lee & Green $155." Having thus paid out $825, Harris declined to pay Rowell, who sued and obtained a judgment, which was set aside on certiorari and a final judgment rendered in favor of Harris. Rowell excepted.

*Herman Brasch,* for plaintiff.
*Glawson & Fowler,* for defendant.

LAMAR, J. ' Civil Code, § 2801, as amended, is intended to protect those improving the land, but not to increase the liability of the owner beyond the terms of his original contract. The statute operates in part against the contractor, and in part against the landowner. The money as it becomes due is charged with a lien as against the contractor, in favor of the subcontractor, materialmen, and laborers. On the other hand the land is charged with a lien as against the owner, for the purpose of securing the payment of the contract price, and creating the fund out of which the subcontractors and laborers may be paid. In this view the statute operates as a sort of automatic garnishment, which without summons or service impounds the fund due by the owner, and requires it to be held up until the expiration of the time named in the statute. But if nothing becomes due to the contractor, there is nothing caught. There is no fund cut of which those employed by him are to be paid. ' For in all these cases it must be understood that the contractor's employees are to be paid out of the contractor's money. The landowner is not under any primary obligation or contract to pay them. When they are paid, under the operation of the lien law the payments are treated as credits on the amount due the contractor. The materialmen and laborers stand in his shoes, and recover out of what is due to him. That failing, they have no claim against the landowner. Applying these principles to the present case, the judge correctly held that the plaintiff could not recover. Instead of Harris being

indebted to Lawson, the contractor, the latter was actually indebted to Harris $125 for the breach of the contract. The landowner was not even equitably liable for the value of work done.

*Judgment affirmed. All the Justices concur, except Fish, P. J., disqualified.*