## TUCK *v.* MOSS MANUFACTURING COMPANY *et al.*

1. In a suit by a materialman to foreclose his lien for material furnished a contractor for the improvement of the real estate of another, the owner of the real estate may defend by showing that he has paid the full contract price to the contractor, and that the money has been applied by the contractor to the settlement of debts incurred in the performance of his contract, which would have been liens upon the property improved. But the property owner can not plead, as a credit on the contract price, such sum as was appropriated by the contractor as reasonable compensation for his personal labor or for his teams employed in performing his contract.
2. The lien of a materialman exists upon his compliance with the statute giving him a lien, and is not affected by any private arrangement between the property owner and the contractor.
3. An employee of a contractor, who kept the books of his employer, superintended a part of the work, and was foreman of a squad of laborers, can not be said, as a matter of law, to be such a laborer as would be entitled to a lien for his work; and there was no error in submitting this issue to the jury.
4. It is no defense to the foreclosure of a materialman's lien that other materialmen may claim liens which, if added to the amount claimed in

the foreclosure suit and the payments made to the contractor, and properly applied by him, would exceed the contract price.

5. The verdict is sustained by the evidence, and no sufficient cause appears for setting it aside.

Submitted July 18, 1906.—Decided February 26, 1907.

Foreclosure of lien. Before Judge Cobb. City court of Athens. October 24, 1905.

The Moss Manufacturing Company brought suit against Saye, contractor, and Mrs. Tuck, owner, to foreclose a lien for materials furnished in erecting a house on land belonging to Mrs. Tuck. The contractor made no defense, and on the trial Mrs. Tuck admitted a prima facie case for the plaintiff, and undertook to show that she had paid for labor and materials the full contract price of the building. Anderson, the agent of Mrs. Tuck, paid directly to contractor Saye a large sum of money, but he did not know of any laborer or materialman to whom the contractor paid any part of it. In this connection the contractor testified as follows: "All the money that I got out of the contract was what I paid myself when I did a hand's labor, just as I paid the other hands; only, as money was scarce, I paid myself less than another hand doing the same work would have been paid. I fed my teams, which were being used on the building, out of the money which Mr. Anderson paid me. I did not get anything whatever for their use or hire, simply their feed." These teams were also hauling for other jobs of the witness. He further testified that he paid his bookkeeper, Head, out of this money received from Anderson. Head then testified, that he was employed by the contractor to keep books, superintend jobs, and do any other work that the contractor directed; that for a part of the time during the construction of the Tuck building, he was foreman of the grading squad, and bossed certain other parts of the work; and that his labor on the building was worth more than he received. Included in payments which the contractor admitted paying, out of the money received from Mrs. Tuck through her agent, were the following: to himself $160.50; to Head $120; to feed for mules $67.50; making a total of $348. And one of the material issues in the case is whether or not this sum should be credited on the contract price. The jury returned a verdict in favor of the plaintiff for the full amount of his claim. The defendant moved for a new trial on various grounds, the motion was overruled, and he excepted.

*H. C. Tuck* and *E. K. Lumpkin,* for plaintiff in error.

*T. S. Mell,* contra.

EVANS, J. (After stating the foregoing facts.)

1. In a suit by a materialman to foreclose his lien for material furnished a contractor for the improvement of the real estate of another, the latter may defend by showing that he has paid the full contract price to the contractor, and that the money has been applied by the contractor to the settlement of debts incurred in the performance of his contract, which would have been liens upon the property improved. The burden is upon the property owner to show that the money which was paid to the contractor was applied only to liens which could be asserted against the property. *Prince* v. *Neal-Millard Co.,* 124 *Ga.* 884. If a contractor does manual labor in the erection of a building he is not entitled to a lien as laborer against the property owner. His relation to the property owner is that of a contractor, and this relation is not altered by his personal labor in performing his contract. *Savannah R. Co.* v. *Callahan,* 49 *Ga.* 506. It is only the laborers employed by him upon the work of construction who are entitled to liens as against the property owner. So also, if the contractor employs his own horses and mechanical appliances in the execution of his contract, he would have no lien therefor independent of his contract. The liens which the property owner may discharge directly or through the contractor and properly credit their payment on the contract price, so as to successfully plead them against a materialman's foreclosure suit, are those created by the contractor in the performance of his contract. *Green* v. *Farrar Lumber Co.,* 119 *Ga.* 30.

2. The court refused to allow the agent of the property owner to testify that he paid the contractor a certain sum of money to be paid to plaintiff, and that the contractor told him that such sum represented the entire amount due plaintiff, and that the witness requested the contractor to buy no more material of plaintiff, which the contractor promised, and that the witness was ignorant that the contractor owed plaintiff until a day or two before he filed his claim. The lien of a materialman who furnishes material for the improvement of another's real estate on the order of a contractor is fixed by statute. Upon compliance with the statute the lien comes into life; it is in no wise dependent upon any private ar-

·rangement between the contractor and the real-estate owner. The rejected evidence was irrelevant.

3. Some of the money paid by the property owner to the contractor was paid to an employee of the contractor, who, the materialman contended, was a bookkeeper, and not a laborer. The ·court instructed the jury that if they found, from the evidence, that such employee was a bookkeeper, that this was his business, the property owner would not be entitled to a credit for the amount paid to him, even though he acted as "boss of the hands." The criticism of this charge is that the evidence showed this particular ·employee to be a laborer, and raised no issue for the jury. The ·character of the work which this employee performed, and the .scope of his duties comprehended in the terms of his employment, .appear in the statement of facts. It does not appear that he rendered to his employer any services other than as bookkeeper or ·superintendent of laborers,—services requiring business capacity, skill and discretion. In *Oliver* v. *Macon Hardware Co.,* 98 *Ga.* 249, it was held: "If the contract of employment contemplated that the clerk's services were to consist mainly of work requiring mental skill, or business capacity, and involving the exercise of his intellectual faculties, rather than work the doing of which · would depend upon a mere physical power to perform ordinary manual labor, he would not be a 'laborer.' If, on the other hand, the work which the contract required the clerk to do was, in the main, to be the performance of such labor as that last above indicated, he would be a 'laborer.' " According to the test there presented, the court possibly might have been warranted in instructing the jury that this employee was not a laborer, entitled to a lien for his services. Certainly it was not error of which the plaintiff in error can complain that the court submitted the issue to a jury.

4. Several materialmen's liens, properly recorded and proved to be valid claims against the property improved, were admitted in evidence. The jury were instructed "that in arriving at their verdict they were not authorized to consider the amount of those ·claims or liens or the liability of this defendant thereon, but that they were foreign to the issue." This instruction was tantamount to excluding these liens from evidence. Civil Code, §2801, as :amended by the act of 1899 (Acts 1899, p. 33), provides that in

no event shall the property owner be liable in a sum greater than the contract price. The owner of the real estate improved, by compliance with the terms of the act of 1899, is given complete protection from all liens created by the contractor. He could take the affidavit of the contractor that the agreed price or reasonable value of the material furnished has been paid, which would fully acquit him of further liability. This act has been liberally construed in favor of the property owner, so as to give him the additional defense of showing that the money paid the contractor actually went to the discharge of liens created by the contractor in the purchase of material or the employment of labor. *Green* v. *Farrar Lumber Co.*, supra. This defense should not be extended so as to allow the property owner to defend the foreclosure suit of one materialman by showing that others are claiming liens against his property. There is no certainty that those liens will ever be enforced, and if they were allowed to the property owner as a credit, he might defeat a materialman in the foreclosure of his lien by proving a possible, or even probable, future liability which the property owner may never pay. If the outstanding liens created by the contractor in the erection of the improvement, added to the amount claimed in the foreclosure suit, and the payments made to the contractor, which had been applied to liens, exceed the contract price, the remedy of the property owner to prevent the possible payment of a sum in excess of the contract may be to cause the various materialmen to interplead and establish the amount and priority of their respective claims. His position would be analogous to that of a stakeholder. As between themselves, the liens of materialmen are of equal dignity. The foreclosing materialman ought not to be required to join issue as to liens of other materialmen, who are not parties to the suit, in order to determine whether his lien should be paid in whole or in part. We agree with the court in his conclusion that the outstanding liens were foreign to the issue.

5. The charge excepted to in the 12th ground of the motion is not approved by the trial judge. The grounds of the motion complaining that the verdict is contrary to specific charges amount only to an assignment that the verdict is contrary to law. The verdict is supported by the evidence and is approved by the court, and no sufficient reason appears for setting it aside.

*Judgment affirmed.* All the Justices concur, except Fish, C. J., absent.