### 12127. HOLMES *v.* VENABLE.

1. Where a creditor of a contractor sued out garnishment against an owner of real estate who had employed the contractor to construct improvements thereon, and the owner answered not indebted, and where a mechanic employed by the contractor sought to intervene by traversing the answer, but failed to give bond to the plaintiff as provided by the Civil Code (1910), § 5282, and in consequence the traverse was dismissed on the creditor's motion, and where the contractor filed, as a traverse of the garnishee's answer, a denial of the debt and judgment alleged in the garnishment affidavit, which traverse was disallowed by agreement of counsel in the garnishment proceeding, and where the mechanic subsequently claimed and caused to be recorded a lien upon the property of the owner, under sections 3352 and 3353 of the Civil Code, and, to enforce it, brought suit jointly against the contractor and the owner, praying a general judgment against the contractor and a special lien against the property, a plea of res judicata by the owner, setting up the previous dismissal of the plaintiff's traverse in the garnishment proceeding, as an adjudication against his rights, and the previous disallowance of the contractor's traverse in that proceeding, as an adjudication that the owner was not liable, could not properly be sustained, since the dismissal of the plaintiff's traverse because of his failure to give bond to the plaintiff in fi. fa. did not amount to an adjudication upon the question of indebtedness between any of the parties concerned. *Gordon* v. *Wilson, 99 Ga.* 354 (27 S. E. 762); *Ware* v. *Laird, 93 Ga.* 342 (20 S. E. 635). Moreover, the contractor, defendant in fi. fa., was not a party to such former proceeding on the issue of indebtedness between the creditor, plaintiff in fi. fa., and the owner garnishee. *Leake* v. *Tyner, 112 Ga.* 919 (38 S. E. 343); *Teft* v. *Booth, 104 Ga.* 590, 591 (30 S. E. 803).

2. Where a petition to enforce a mechanic's lien under sections 3352 and 3353 of the Civil Code (1910) alleges that the plaintiff's employer,

a contractor, agreed with the owner "to repair the premises" of the latter, that the contractor, "with the knowledge and consent" of the owner, employed the plaintiff "to work on said house in repairing said house under said contract," that the plaintiff earned the sum sued for, "working under said employment," and that the contractor "earned" the amount sued for, or more,— "a sufficient amount to pay petitioner,— which has not been paid," and there is attached to the petition, as an exhibit, a copy of the contract between the owner and the contractor, showing that the work to be done was "to refinish by rescraping, smoothing, filling, and polishing the entire first floor, except the cook-room, of the residence" of the owner, the facts alleged are sufficient to constitute the plaintiff a "mechanic" or laborer within the meaning of the statutes, and the petition is good as against a general demurrer.

3. While there can be no valid judgment of foreclosure of a mechanic's lien upon real estate improved, for labor done for a contractor employed by the owner, in the absence of a judgment in favor of the mechanic against the contractor, yet the contractor and the owner may be joined in one foreclosure suit, with prayers for a general judgment against the former and for the establishment of a special lien against the property. *Columbian Iron Works* v. *Crystal Springs Bleachery Co.,* 145 *Ga.* 621 (1), 624 (89 S. E. 751); *Griffin* v. *Gainesville Iron Works,* 144 *Ga.* 840, 842 (88 S. E. 201); *Mass. Bonding Co.* v. *Realty Trust Co.,* 142 *Ga.* 499 (5), 500 (83 S. E. 210).

4. Where the evidence for the mechanic on his foreclosure is sufficient to authorize a finding that his particular part of the work has been properly performed for the contractor under the latter's contract with the owner, and that the amount due the mechanic does not exceed the amount earned by the contractor under that contract, the mere fact that the owner may be able to show that the contractor has not performed his entire contract will not authorize a reversal of a judgment setting up the mechanic's lien.

DECIDED OCTOBER 7, 1921.

Certiorari; from Fulton superior court — Judge Pendleton December 8, 1920.

The main defense of the owner to the foreclosure suit was that the written contract executed by the plaintiff's employer, the contractor, and herself had never been completed. The amount of the lien claimed was $65. The agreed price for the work to be done on the floors of the owner was $115, and the contract provided that this work was "to be done in a first-class workmanship manner," that certain fillers, varnish, and floor polish were to be used, that the owner should not be liable for labor or material furnished on the work to any one whomsoever, but that when the contract was completed by the contractor, the work accepted by the owner, and affidavits and receipts showing the payment for all labor and material should be submitted by the contractor to the owner, the contract price would become due· The evidence

showed that the plaintiff was employed and earned his wages by the hour, but was not a party to the owner's contract with his employer, and had no knowledge of its conditions until after completion of his work. Under the contractor's evidence, the contract had been fully performed, but, under the owner's evidence, this was a disputed issue of fact. There was also evidence that the plaintiff had properly and fully performed his own particular duties. There was no proof that the owner had any one else perform work not done by the contractor. The trial resulted in a judgment in favor of the plaintiff. A new trial was refused by the judge of the municipal court of Atlanta who tried the case, certiorari was sued out, and the certiorari was overruled by the judge of the superior court.

*R. R. Jackson,* for plaintiff in error.

*Carl B. Copeland,* contra.

JENKINS, P. J. (After stating the foregoing facts.) The ruling upon the question as to whether the plaintiff is entitled to foreclose his lien until the contractor shall have first fully performed his obligations under his contract with the owner may properly be somewhat elaborated. It is the general rule that, where an owner of real estate engages a contractor to construct or improve a building thereon, and, under employment of the contractor, a mechanic performs labor in constructing or improving the building, there is sufficient privity between the mechanic and the owner to support a lien on the property. *Logue* v. *Walker,* 141 *Ga.* 644 (81 S. E. 849). But while the contract between the owner and the contractor furnishes the basis of the laborer's or materialman's lien, where the work is done or the material furnished upon the employment of the contractor, these liens are not entirely as of subrogation to the right of the contractor to his lien. *Prince* v. *Neal-Millard Co.,* 124 *Ga.* 894, 884 (53 S. E. 761, 4 Ann. Cas. 615). The lien of such a mechanic is itself statutory, and is not affected by any private arrangement between the property owner and the contractor (*Tuck* v. *Moss Mfg. Co.,* 127 *Ga.* 729 (2), 56 S. E. 1001); but it is subject to the exceptions and requirements imposed by the statute, such as that "in no event shall the aggregate amount of liens set up hereby exceed the contract price of the improvements made." Civil Code (1910), § 3352 (2). To this extent the statutory rights of the mechanic to his lien are controlled by the contract between the

owner and the contractor, and the mechanic or laborer must show that the amount for which he asserts a lien comes, in whole or in part, within the contract price agreed between the contractor and the owner of the property improved. *Stevens* v. *Ga. Land Co.,* 122 *Ga.* 317 (50 S. E. 100). Under the statute it is incumbent upon the owner to see that payments to the contractor are, to the full amount of the contract price, appropriated to outstanding claims of materialmen and laborers. *Green* v. *Farrar Lumber Co.,* 119 *Ga.* 30 (46 S. E. 62). The owner may defend by showing that the lien " has been waived in writing," by the materialman or mechanic, or that the owner has taken from the contractor the statutory affidavit that such material and labor claims have been paid, or that the money paid the contractor actually went to the discharge of liens created by the contractor in the purchase of material or the employment of labor. But he cannot defend against the suit of a mechanic or materialman to foreclose such a lien by showing that others are claiming liens against his property, and thus proving merely a possible or even probable future liability. *Tuck* v. *Moss Mfg. Co.,* 127 *Ga.* 733 (supra).

The lien of the mechanic and the procedure for its enforcement being statutory, it is not necessary to allege or prove that the contractor completed his contract with the owner; but the mechanic need only show a compliance on his part with the statute, and that he comes under its protection. *Arnold* v. *Farmers Exchange,* 123 *Ga.* 731, 733 (51 S. E. 754). Still he cannot, in any event, recover an amount greater than the amount for which the owner has become liable to the contractor under their contract; and thus it would seem that on a foreclosure of a mechanic's lien the owner might be able to defend completely by showing that the contract was an entire one, and that the contractor, by abandoning his contract before its completion, has necessitated its completion through another contractor at an amount exceeding the original contract price and therefore at a loss to the owner. *Rowell* v. *Harris,* 121 *Ga.* 239 (48 S. E. 948) ; *Prince* v. *Neal-Millard Co.,* supra. The evidence does not, however, bring the instant case within the exception made by this rule. *Judgment affirmed. Stephens and Hill, JJ., concur.*