## 27089. STARK *v.* JACOBS.

DECIDED NOVEMBER 7, 1938.

*Wengrow & Shelfer,* for plaintiff in error.
*John H. Hudson,* contra.

STEPHENS, P. J. 1. In a suit to recover on an alleged contract for labor and material furnished by the plaintiff in repairing and adding to the defendant's house, and thereby improving his real estate, the defendant can not set off against his indebtedness to the

plaintiff under the contract an unpaid amount which may be due by the plaintiff to a third person, a materialman, who furnished material which went into the defendant's house and to the improvement of his real estate, and to secure which the materialman had filed a lien upon the real estate so improved. The law gives to the materialman, who furnished to the plaintiff material which went into the improvement of his real estate under his contract with the plaintiff, a lien upon the defendant's real estate as security for the payment of the plaintiff's debt to the materialman for the material. This does not relieve the defendant of his obligation under his contract with the plaintiff. An actual payment by the defendant of this indebtedness to the materialman would inure to the defendant's benefit as a payment by the defendant to the plaintiff. *Tuck* v. *Moss Manufacturing Co.*, 127 *Ga.* 729, 731 (56 S. E. 1001).

■ The evidence was conflicting as to the amount which the defendant was due to the plaintiff under the contract, and as to whether the plaintiff had performed the contract, but it was sufficient to authorize the jury to find that the plaintiff had performed the contract according to its terms, and that the defendant was indebted to the plaintiff in the balance represented by the amount found in the verdict. The verdict is not excessive and without evidence to support it in that the defendant was not given credit for the amount due to a third person, a materialman, for material furnished to the plaintiff under the contract with the defendant, and which went into the defendant's building, and for the security of which the materialman had filed a lien upon the defendant's real estate so improved.

■ Whatever may have been the contract price agreed upon between the parties for the completion of the work, it appearing from the evidence that by agreement between the parties certain extras were ordered and changes made in the contract price, it was not error for the court to fail to charge the jury that the agreed or contract price for labor and materials would be the full extent of the defendant's liability.

■ Notwithstanding an amendment to the plaintiff's petition was filed, containing various allegations, and no denial of any of these allegations was made by the defendant, it was not error, as calculated to instruct the jury that the allegations in the amendment to the petition should be taken by the jury as true, for the

court to charge the jury that where allegations are made by the plaintiff and are admitted by the defendant, no proof of these allegations is required, but that they are to be taken as true; and that where allegations made by the plaintiff are denied by the defendant, the law places upon the plaintiff the burden of showing by a preponderance of the evidence that the allegations contained in the petition are true. This charge instructed the jury only that allegations in the plaintiff's petition which were admitted as true by the defendant were to be taken as true; and did not instruct the jury that allegations in the amendment which the defendant did not deny should be taken as true. *Brown* v. *Atlanta, Birmingham & Atlantic R. Co.,* 131 *Ga.* 259 (62 S. E. 86). By reason of having given the above charge, it was not error for the court to fail to charge that where a plaintiff makes an allegation by an amendment the law presumes that the defendant denies the same, and the burden is on the plaintiff to prove the allegations made by the amendment as though a written denial of such allegations had been made.

The evidence authorized the verdict for the plaintiff, and no error appears.

*Judgment affirmed. Sutton and Felton, JJ., concur.*