## 35653, 35654. ROBERTS *v.* GEORGIA SOUTHERN SUPPLY CO., INC.; and *vice versa.*

Decided April 20, 1955—Rehearing denied June 1, 1955.

*Frank G. Wilson*, for plaintiff in error.

*John B. Harris, Jr.*, contra.

TOWNSEND, J. ■ The primary issue for decision, which is raised by the first special ground of the amended motion for a new trial, and also by rulings on demurrer assigned as error on the cross-bill of exceptions, is whether the defendant owner of the property sought to be foreclosed might plead and prove as a defense to the action that the contractor had left the work uncompleted, and that the work he had done was of such poor and shoddy character that the cost of correcting and completing it would be more than, or at least almost as much as, the contract price, where the owner had not actually had the work redone, but had procured estimates of the probable cost. The action is based on a lien claimed against the property of the owner by the materialman under and by virtue of Code § 67-2001 (1) and (2), the latter section reading as follows: "When work done or material furnished for the improvement of real estate is done or furnished upon the employment of a contractor or some person other than the owner, the lien given by this section shall attach to the real estate improved as against such true owner for the amount of the work done or material furnished, unless such true owner shall show that such lien has been waived in writing, or shall produce the sworn statement of the contractor or other person, at whose instance the work was done or material was

furnished, that the agreed price or reasonable value thereof has been paid: Provided, that in no event shall the aggregate amount of liens set up hereby exceed the contract price of the improvements made." The lien given hereby is purely statutory, and does not depend upon subrogation, except to the extent that the total amount paid out may not exceed the contract price. *Holmes v. Venable,* 27 *Ga. App.* 431, 433 (109 S. E. 175). An application of the Code section to the undisputed facts in this case shows that the lien attached to this real estate unless prevented under the proviso above quoted, "that in no event shall the aggregate amount of liens set up hereby exceed the contract price of the improvements made." It is evident that the contract price fixes the total liability of the owner, rather than the liability of the owner to the contractor under the contract. For instance, although the owner had paid the contractor the entire contract price, this would provide no defense to the action unless the owner further showed that the affidavit of the contractor had been obtained, or that the money had in fact been used for payment of labor and materials. *Green* v. *Farrar Lumber Co.,* 119 *Ga.* 30 (46 S. E. 62). Also, where the contractor abandons the contract before the work is completed, assuming that such contract is an entire one, there would be no liability of the owner to the contractor under the contract, the latter having breached the contract and forfeited any right to recover anything under its terms. *Dolan* v. *Lifsey,* 19 *Ga. App.* 518 (5) (91 S. E. 913). However, this does not relieve the owner from liability to one furnishing labor or material to the contractor in furtherance of the contract, for the reason that the lien attaches in favor of a mechanic, laborer, or materialman up to, but not in excess of, the *contract price.* Where a contractor abandons his contract, and the owner in order to obtain its completion engages others to furnish material and labor, the cost thereof may be applied by the owner, up to the contract price, as against the lien. *Prince* v. *Neal-Millard Co.,* 124 *Ga.* 884 (53 S. E. 761, 4 Ann. Cas. 615); *Young* v. *Harley-Mitchell Hardware Co.,* 173 *Ga.* 35 (159 S. E. 567); *Spirides* v. *Victory Lumber Co.,* 76 *Ga. App.* 78 (45 S. E. 2d 65).

The question presented by this case is whether or not such additional work must be done before the lien is foreclosed, or

whether the lien may be defeated by evidence of what the work of completion would reasonably cost where such work has actually not been performed. This question was considered but not decided in *Prince* v. *Neal-Millard Co.*, supra. That case, among others, holds that, where the evidence shows that there has actually been paid out the full contract price for labor and materials which would otherwise have constituted liens against the property, this constitutes a complete defense. Where amounts have been paid out in satisfaction of demands for material and labor which would have formed the basis for liens had they not been paid, less than the amount of the contract price, this would not constitute a complete defense, but would protect the owner to the extent of the amounts thus paid.

On the other hand, the fact that there are other liens outstanding is not a defense unless and until such liens have been paid. *Tuck* v. *Moss Mfg. Co.*, 127 *Ga.* 729 (4) (56 S. E. 1001). Accordingly, the owner cannot avail himself of the defense of what it might cost to finish an uncompleted contract, as no such estimate constitute lien. Here the undisputed evidence is that the plaintiff materialman furnished the material in substantial compliance h his contract with the contractor, that the material was use n the premises, that the amount claimed is less than the unpai balance of the contract price, and that no lien has attached for completing the contract. While the evidence would have authrized the jury to find that the contract was not completed, and that the work actually done was unsatisfactory, such a finding would have benefited the owner nothing, her liability being fixed by the contract price instead of her liability to the contractor, as herein set out. Accordingly, under the undisputed facts, the plaintiff was entitled to recover, and the trial court did not err in directing a verdict in its favor.

■ The trial judge did not err, as contended in special ground 4, in refusing to reopen the case after its conclusion to admit additional evidence, over the objection of the plaintiff that its witnesses would have to be recalled in rebuttal if the testimony were admitted, and they had left the courthouse after being excused, and lived or worked some distance away. Nor did he err, as contended in special ground 6, in admitting testimony of the plaintiff's witness, since this was rebuttal testimony in that it

directly contradicted the defendant's statement, as follows: "I never made the statement that if he would put the screens up I would go ahead and pay for the full contract." Such matters as permitting or refusing to reopen the case for further testimony, and the order in which any material testimony is allowed, are ordinarily within the discretion of the trial court, and this court will not interfere where such discretion is not abused. See *Southern Ry. Co.* v. *Clay*, 130 *Ga.* 563 (61 S. E. 226).

■ In view of Code § 67-2001 (2), to the effect that the lien, under the conditions therein set forth, shall attach to the property of the true owner "unless such true owner shall show that such lien has been waived in writing," the court properly excluded the evidence, complained of in special ground 5, that the plaintiff's agent was orally informed by the defendant that she would not personally stand good for the materials ordered by the contractor. Selling the goods to the contractor after such notice did not amount to a waiver, where the lien was not waived in writing. Unless coming within a recognized exception, the lien attaches by operation of law. The defendant's statement to the plaintiff's agent that she would not stand good for the material, accordingly, was properly rejected as not relevant to any issue in the case.

■ The remaining special grounds deal with rulings on pleadings, and are not proper grounds of a motion for a new trial. *Page* v. *Brown*, 192 *Ga.* 398 (15 S. E. 2d 506). The "motion to dismiss the action," assigned in special ground 2 as error, was in effect, as is pointed out by the plaintiff in error in his brief, a motion to dismiss the petition and was in effect a general demurrer thereto.

The judgment of the trial court denying the motion for a new trial was without error, and it is therefore unnecessary to pass upon the questions raised by the cross-bill of exceptions.

*Judgment affirmed on main bill of exceptions. Cross-bill dismissed. Gardner, P. J., and Carlisle, J., concur.*