35707.   IVEY *v.* ELECTRICAL SUPPLIES, INC.

DECIDED JULY 5, 1955—REHEARING DENIED JULY 23, 1955.

*Alex McLennan,* for plaintiff in error.

*Frank A. Bowers,* contra.

GARDNER, P. J. It is the contention of the defendant, (1) that he did not owe the plaintiff any amount because he had paid all amounts due, and (2) that the plaintiff was not entitled to a lien because the claim of lien was not filed within ninety days as provided by statute. On the other hand, the plaintiff contends that by evidence it had established the fact that the amount which the defendant claimed he had paid on the contract was for other work done on other projects of the defendant, and that the claim for lien was filed within the ninety days time required by the statute.

The evidence was in sharp conflict on each of the issues. The pleadings and the evidence are ample to authorize the jury to return the verdict in favor of the plaintiff. We have no doubt, from a recheck of the entire record, that the court was authorized, and it was the court's duty, to submit these issues of fact to the jury. There is apparently little conflict between distinguished counsel for both sides as to the correctness of law submitted by each of them, but there is a great variance between them as to whether the principles of law submitted by each of them are applicable to the facts involved. From the judgment rendered by the trial judge, no doubt he gave much study to this record in its entirety. He rendered an able opinion in his judgment denying the motion for a new trial, and we rest the finality of this case before us on the opinion rendered by Judge A. L. Henson, as follows: "On the motion for a new trial, argued and submitted: If the evidence compelled a finding that the work finally done and materials furnished was as provided in the contract, or that the parties to the contract were able at the time or times when additional inserts were ordered to be installed, or additional work done, to fix the ultimate contract price, the rule announced in

*Green* v. *Farrar Lumber Company*, 119 *Ga.* 33, would govern. But there is an issue of fact with respect to this. Then, too, there was an issue as to whether Ivey's rescission of the contract had a sound factual basis.

" 'What shall come to the jury as evidence is for the court', says Justice Bleckley. 'What it is worth when it arrives is for the jury.' *Moughon* v. *State*, 57 *Ga.* 106. And in *Central, &c.* v. *Ferguson*, 63 *Ga.* 85, this great jurist says that the jury are the best doctors of doubt he knows of.

"To grant a new trial would be tantamount to taking the case from the jury. Chief Justice Russell, when a member of the Court of Appeals, and in the second case to come before that court, illustrates graphically when it becomes the duty of the court to do so. *Davis* v. *Kirkland*, 1 *Ga. App.* 5.

"Considered, ordered and adjudged, therefore, that the motion for a new trial be overruled and a new trial denied."

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*