43568. MELTON v. LOWE et al.

ARGUED APRIL 3, 1968—DECIDED MAY 3, 1968—
REHEARING DENIED MAY 16, 1968—CERT.

784

*Grady C. Pittard, Jr.,* for appellant.

*George B. Brooks, Rupert A. Brown,* for appellees.

DEEN, Judge. A materialman who has provided labor on the owner's premises and duly recorded his lien is entitled to foreclose, subject to certain defenses on the part of the owner, one of which is: "that in such action for recovery, the owner of the real estate improved, who has *paid* the agreed price, or any part of the same, may set up such payment in any action brought and proved by competent and relevant evidence that such payments were applied as provided by law." *Code* § 67-2002 (3). "It is no defense to the foreclosure of a materialman's lien that other materialmen may claim liens which, if added to the amount claimed in the foreclosure suit and the payments made to the contractor, and properly applied by him, would exceed the contract price." *Tuck v. Moss Mfg. Co.,* 127 Ga. 729 (4) (56 SE 1001). "The lien of a materialman exists upon his compliance with the statute giving him a lien, and is not affected by any private arrangement between the property owner and the contractor." Id., headnote 2. Where the owner has not paid out the money withheld from the contractor, but has only procured estimates of the cost of completion, this does not amount to a defense. *Roberts v. Georgia So. Supply Co.,* 92 Ga. App. 303 (88 SE2d 554). The Code section, as interpreted by these and

other cases, seems clearly to require that the only defense possible under these circumstances is actual payment, not a commitment for payment in the future.

The trial court directed a verdict against the materialman and in favor of the owner on the theory that when the owner, the prime contractor, and another materialman agreed that the latter would continue deliveries provided the owner agreed to be personally responsible for the price of supplies furnished by it (the contractor agreeing that $3,000 of the contract price should be paid directly by the owner for this purpose) this was an amendment to the contract and constituted a novation under *Code* § 20-115, thus reducing the "contract price" to $9,000, which was in fact paid to the contractor and used by him for the payment of supplies and materials, according to evidence sufficient for that purpose under *Saye v. Athens Lumber Co.*, 94 Ga. App. 118, 119 (93 SE2d 806). A change in only one of the terms of an original contract which merely substitutes another payor, the parties, terms and conditions of the original contract remaining the same, does not constitute a novation. *Williams v. Rowe Banking Co.*, 205 Ga. 770 (55 SE2d 123). As between Johnson and Lowe, the agreement was simply that Johnson should pay Lowe a part of the contract price instead of giving it to Lowe to pay to this materialman. If Johnson made a commitment of personal liability to Armstrong, and in return received from Armstrong a commitment to continue extending credit to Lowe, such a side agreement would not alter the contract price. Johnson, had he actually paid the money, would of course have his pro tanto defense, but a mere pledge of personal payment in exchange for delivery on credit would neither amount to payment nor be sufficient to reduce the amount of the contract price as against a materialman who has in point of fact supplied labor and recorded his lien prior to payment to or the recording of a lien by Armstrong & Dobbs. "If at the time of the payment to the contractor no materialman or laborer has filed and recorded his lien, the payment to any of the materialmen or laborers having claims of lien which might be perfected by the filing and recording of the liens may be made by the contractor. . . If any materialman or laborer has filed his

lien, then payment to others in preference to him would be at the peril of the owner." *Green v. Farrar Lumber Co.,* 119 Ga. 30, 33 (46 SE 62). It is true that, prior to the filing of a lien, the owner may prefer one materialman over another, and it is also true that insofar as a judgment in rem may be sought against him by lien foreclosure he will in no event be required to pay more than the contract price. *Prince v. Neal-Millard Co.,* 124 Ga. 884 (53 SE 761, 4 AC 615); *Rowell v. Harris,* 121 Ga. 239 (48 SE 948). It is the payment, not the mere promise to pay, which constitutes the defense.

The trial court erred in directing a verdict in favor of Johnson.
*Judgment reversed. Jordan, P. J., and Pannell, J., concur.*