### 58678. JONES MERCANTILE COMPANY v. LYN-HAR, INC.

SHULMAN, Judge.

This appeal is by a materialman-plaintiff seeking to foreclose its lien against the defendant-owner's property for materials supplied in the construction of defendant's house. We affirm.

When defendant's general contractor, Tom Olson, Inc. (hereinafter "Olson"), with whom plaintiff allegedly contracted, abandoned construction on defendant's house, defendant expended additional funds for the completion of its house, bringing the total cost of defendant's house to a price in excess of the amount it would have paid for construction had Olson complied with the contract. Defendant moved for summary judgment against plaintiff on its lien, which the court granted apparently on the grounds that since the total payments made by defendant to Olson and others for the completion of the house exceeded its contract price with Olson, plaintiff-materialman could not enforce its lien. We agree with this determination.

1. "Where a contractor abandons his contract, 'the cost of completing the work is to be deducted from the contract price in order to ascertain the amount up to which the subcontractors may claim liens; and if such deductions, together with payments previously made to the contractor, equal or exceed the entire contract price, then of course the subcontractors and materialmen have no lien, since there is nothing due under the contract . . .' [Cits.] In this case, the cost of completion [$45,742.49] together with the sum previously paid to the contractor [$50,118.00] exceeded the original contract price [$55,687.00]. Accordingly, plaintiff cannot enforce its lien." *E. Smith Heating &c., Inc. v. Biggers,* 139 Ga. App.

216 (1) (228 SE2d 203).

2. We find no merit in appellant's contention that summary judgment was improperly granted defendant on the grounds that material questions of fact remained for jury resolution on the issue of the cost of completion of defendant's house.

Appellant does not dispute appellee's contention that only 50% of its house was completed at the time Olson abandoned the job. However, plaintiff submits that on the basis of the work completed by Olson, it should have cost defendant approximately $28,000 to finish the construction (half of its contract price with Olson) and that the fact that it cost defendant approximately $46,000 to complete construction gives rise to the inference that defendant subsequently contracted and paid for "extras" not included in its original agreement. Therefore, plaintiff argues, a material issue of fact remains as to how much of the funds expended by appellee were actually part of the cost of completion of its house (as contracted for with Olson).

Even assuming, as appellant contends, that only $28,000 of the additional sums expended by defendant were necessary for the construction of defendant's house (as originally bargained for) since this sum, together with the sums defendant previously paid to Olson still exceeds the original contract price, defendant was entitled to summary judgment. *E. Smith Heating &c., Inc.*, supra.

3. Nor can we agree with appellant's assertion that there were issues of fact for determination by the jury on the question of defendant's efforts to see that the money paid Olson was, in turn, paid to Olson's subcontractor. Appellant maintains that defendant's failure to ensure that payment was made by the contractor to plaintiff renders defendant liable for plaintiff's claim.

This issue is controlled adversely to appellant's contention by *Hausen v. James Development, Inc.*, 143 Ga. App. 265 (1) (238 SE2d 265). Because the evidence showed that the " 'aggregate claims of materialmen and laborers [exceeded] the contract price, the loss should fall upon them rather than the owner.' " Id.

Since appellant has failed to set forth any error mandating reversal, the judgment of the trial court in

favor of defendant-appellee is affirmed.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

SUBMITTED OCTOBER 2, 1979 — DECIDED DECEMBER 3, 1979 — REHEARING DENIED DECEMBER 18, 1979 —

*Barry W. Bishop,* for appellant.
*Toby B. Prodgers,* for appellee.