## 35973. JONES MERCANTILE COMPANY v. LYN-HAR, INC.

UNDERCOFLER, Chief Justice.
This is a certiorari to the Court of Appeals.[1]
We find the Court of Appeals' statement in Division 1 of its opinion as follows is incomplete: " 'Where a contractor abandons his contract, "the cost of completing the work is to be deducted from the contract price in order to ascertain the amount up to which the subcontractors

---

[1] *Jones Mercantile Co. v. Lyn-Har, Inc.,* 152 Ga. App. 798 (264 SE2d 270) (1979).

may claim liens; and if such deductions, together with payments previously made to the contractor, equal or exceed the entire contract price, then of course the subcontractors and materialmen have no lien, since there is nothing due under the contract." . . .' *E. Smith Heating &c. Inc. v. Biggers,* 139 Ga. App. 216 (1) (228 SE2d 203) [1976]."

To this statement of the law must be added a proviso that the owner is required to show that the sums paid to the contractor were properly appropriated to materialmen and laborers or that the contractor's statutory affidavit concerning such indebtedness had been obtained. *Green v. Farrar Lumber Co.,* 119 Ga. 30 (46 SE 62) (1903); *Prince v. Neal-Millard Co.,* 124 Ga. 884 (53 SE 761) (1905); Code Ann. §§ 67-2001, 67-2002(3); *Roberts v. Georgia Southern Supply Co.,* 92 Ga. App. 303 (88 SE2d 554) (1955).

Accordingly, the Court of Appeals' judgment is vacated and the case remanded for further consideration.

*Judgment vacated. Remanded to the Court of Appeals. All the Justices concur.*

ARGUED MARCH 11, 1980 — DECIDED
MAY 21,1980

*Barry W. Bishop,* for appellant.
*Toby Prodgers,* for appellee.