60513. PUGH v. WOOD et al.
60514. PUGH v. NORSWORTHY.

QUILLIAN, Presiding Judge.

These companion cases involve identical issues. The facts in each case may be summarized (using the facts in 60514) as follows. Plaintiff filed a complaint to enforce a materialmen's lien against the defendant. The complaint alleged the defendant entered into a building contract with a contractor for the construction of a house on real estate owned by the defendant; that plaintiff furnished materials to the contractor which were installed in the defendant's house; that neither the contractor nor the defendant paid the plaintiff for the materials; that the sum of $1,979.84 was due and the plaintiff filed his lien as required by law.

The defendant answered admitting the material allegations of the complaint but alleging the construction price was $50,500; that the contractor abandoned the contract before completion after the defendant paid him $42,900; that this necessitated that defendant expend sums of approximately $11,000 to complete the house; that these amounts exceed the original contract price of $50,500.

The defendant moved for summary judgment at which the proof offered established the fact substantially as alleged. After a hearing, the trial judge found "Where one enters into a contract with a contractor for the construction of a building, for an agreed price, and the contractor abandons said contract prior to completion, if the cost of completion together with the amount previously paid to the contractor prior to said abandonment exceeds the original contract price, the materialmen or subcontractor cannot enforce his lien." He, therefore, entered summary judgment for the defendant. Plaintiff appeals to this court from that judgment. *Held:*

1. In *Jones Mercantile Co. v. Lyn-Har, Inc.*, 245 Ga. 812 (267 SE2d 251), the Supreme Court recognized the rule enunciated by the trial judge to the effect: " 'Where a contractor abandons his contract, "the cost of completing the work is to be deducted from the contract price in order to ascertain the amount up to which the subcontractors may claim liens; and if such deductions, together with payments previously made to the contractor, equal or exceed the entire contract price, then of course the subcontractors and materialmen have no lien, since there is nothing due under the contract." ' " However, that principle was found to be incomplete without the inclusion of another pertinent maxim. As therein pointed out: "To this statement of the law must be added a proviso that the owner is required to show that the sums paid to the contractor were properly appropriated to materialmen and laborers or that the contractor's statutory affidavit concerning such indebtedness had been obtained. *Green v. Farrar Lumber Co.*, 119 Ga. 30 (46 SE 62)." *Jones Mercantile Co. v. Lyn-Har, Inc.*, 245 Ga. 812, 813, supra.

In this case no proof was offered in such regard. Thus, summary judgment for the defendant was premature.

2. Any conflicting language or contrary ruling contained in *Thompson v. Brannen Bldg. Supply*, 153 Ga. App. 4 (264 SE2d 498) must yield to the decisions of our Supreme Court.

*Judgments reversed. Shulman and Carley, JJ., concur.*

SUBMITTED SEPTEMBER 16, 1980 — DECIDED
OCTOBER 14, 1980.

*A. Quillian Baldwin, Jr.*, for appellant.
*Allen B. Keeble*, for appellees.