## 73022. BISHOP v. FORSYTH PAVING CONTRACTORS, INC.
(352 SE2d 198)

BIRDSONG, Presiding Judge.

This is a suit by Forsyth Paving Co. ("Forsyth") to enforce a materialmen's lien for $11,955. The construction contract provided a contract price of $1,280,000 for construction of a nursing home. However, after the owner Bishop had made payments of $1,291,201.90 (of which $787,125.17 was paid directly to subcontractors or jointly to the contractor and subcontractors), the contractor abandoned the work. All this money was disbursed before Forsyth filed its lien. The owner Bishop then expended an additional $29,167.48 to complete the project, thus spending $40,369.38 more than the contract price.

The trial court held that Forsyth's lien is enforceable against Bishop's property because, although the contractor abandoned and the owner expended more than the contract price to complete the job, the Supreme Court in *Jones Mercantile Co. v. Lyn-Har*, 245 Ga. 812 (267 SE2d 251) held that to escape the liens, the owner must "show that the sums paid to the contractor were properly appropriated to materialmen and laborers or that the contractor's statutory affidavit concerning such indebtedness had been obtained." This the owner could not do. *Held*:

OCGA § 44-14-361.1 provides: "(a) To make good the liens specified in [§ 44-14-361 (1-8)], they *must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall not be effective or enforceable*: . . . (e) *In no event* shall the aggregate amount of liens set up by Code Section 44-14-361 exceed the contract price of the improvements made." (Emphasis supplied.)

The decision in *Jones Mercantile* makes no acknowledgment of OCGA § 44-14-361.1 (a) and (e), although the Act, in granting a lien upon the property of one in favor of the debtor of another, is supposed to be construed according to "the strictest rules of strict construction." *Green v. Farrar Lumber Co.*, 119 Ga. 30, 33 (46 SE 62); *Dixie Concrete Svcs. v. Life Ins. Co. of Ga.*, 174 Ga. App. 866 (331 SE2d 889). Neither did the court acknowledge the cases which have held that in policy the Act was not "intended . . . to increase the liability of the owner beyond the terms of [the] original contract" (*Rowell v. Harris*, 121 Ga. 239, 240 (48 SE 948)); and that "the cost of completing the work is to be deducted from the contract price in order to ascertain the amount up to which the subcontractors may claim liens; and if such deductions, together with payments previously made to the contractor, equal or exceed the entire contract price, then of course the subcontractors and materialmen have no lien, since there is nothing due under the contract." *Young v. Harley-Mitchell Hardware Co.*, 173 Ga. 35, 37 (159 SE 567); *Prince v. Neal-*

*Millard Co.*, 124 Ga. 884, 891 (53 SE 761); *Stevens v. Ga. Land Co.*, 122 Ga. 317 (50 SE 100); *Hunnicutt &c. Co. v. Van Hoose*, 111 Ga. 518, 527 (36 SE 669).

*Green v. Farrar Lumber Co.*, 119 Ga. 30, was the first case to require the owner to prove allocation of payments, but notwithstanding *Green*, many decisions have sought to abide by the Act's mandate that "*in no event* shall the aggregate of the liens exceed the contract price." *Young*, supra; see *Stevens*, supra; *Rowell*, supra; and see *Tuck v. Moss Mfg. Co.*, 127 Ga. 729, 733 (56 SE 1001). In particular, see *Hausen v. James Dev. Co.*, 143 Ga. App. 265, 266 (238 SE2d 265); *Melton v. Lowe*, 117 Ga. App. 783 (161 SE2d 912); *Holmes v. Venable*, 27 Ga. App. 431, 434 (109 SE 175); Hinkel, Ga. Constr. Mechanics' & Materialmen's Liens, § 5-6.

The case of *Young v. Harley-Mitchell Hardware Co.*, supra, is a full-bench decision construing the statute as it exists today at § 44-14-361.1 (e). The contention was specifically made that the owner should be liable for liens to the extent he could not show allocation of payment by the contractor, and the court said, not so, if the owner was compelled to complete the building at a cost in excess of the contract price. The court held the claimants could have liens only if there was any of the contract price left over after the owner deducted the cost of completion "together with *payments previously made to the contractor.*" (Emphasis supplied.) In this decision, the full court declined to even consider the *Green* case.

OCGA § 44-14-361.2 (a) provides that an enforceable lien (i.e., one which complies with § 44-14-361.1 (a), (e)), will be dissolved if the owner has a contractor's statement of payment of material and labor and makes final payment when there is no lien claim or notice of lien unpaid. But this is a far cry from saying no lien, including one exceeding the contract price, is dissolved unless the owner has such a statement; nor is there any statutory hint that § 44-14-361.1 (e) operates only if the owner proves allocation of payments by contractor. The Georgia materialmen's lien act is an unsophisticated instrument. We are not convinced that, strictly construed, it is constructed to bear the weight *Jones Mercantile* seems to impose.

As for Bishop's contention that this lien, being filed after he paid to the contractor sums exceeding the contract price, is unenforceable under *Thompson v. Brannen Bldg. Supply*, 153 Ga. App. 4 (264 SE2d 498), the rationale of *Jones Mercantile* carried to its necessary conclusion means the owner can escape properly filed liens only if he shows allocation of payment or a contractor's affidavit. According to *Jones Mercantile*, it does not matter *what* the owner paid the contractor if he cannot prove what the contractor did with it; and therefore *when* he paid the contractor has no significance. See *Pugh v. Wood*, 156 Ga. App. 91, 92 (274 SE2d 106).

*Judgment affirmed. Banke, C. J., and Sognier, J., concur specially.*

SOGNIER, Judge, concurring specially.

I concur only because we are bound by the decisions of the Supreme Court of Georgia. *Jones Mercantile Co. v. Lyn-Har*, 245 Ga. 812 (267 SE2d 251) places too great a burden on an owner in that an owner will seldom have access to the books (if any) of the abandoning contractor in order to prove that the contractor allocated the payments properly. Nor is it likely an owner will be able to obtain the statutory affidavit where the contract has been abandoned. Unless an owner can meet one of these requirements, the result under *Jones* is that an owner who has already paid in excess of the contract price as a result of abandonment must consequently "ante up" additional amounts to discharge liens. This result is manifestly unfair.

I am authorized to state that Chief Judge Banke joins in this special concurrence.

DECIDED DECEMBER 2, 1986 —
REHEARING DENIED DECEMBER 18, 1986.

*Debra G. Minker, Theodore H. Lackland*, for appellant.
*E. Kenneth Jones*, for appellee.