IVEY *v.* NEW SOUTH BUILDING & LOAN ASSOCIATION.

WILLIAMS *v.* NEW SOUTH BUILDING & LOAN ASSOCIATION.

LITTLE, J.  A provision in a security-deed which contained a power of sale, directing that such sale must be for cash, was sufficiently complied with when the land described in the deed was duly advertised and exposed to sale in accordance with the terms of the power, and bid in by a person entitled to receive the proceeds of the sale, to whom the trustee authorized to make the sale thereupon conveyed the land and entered upon the purchaser's debt a credit equal in amount to such proceeds.  This was exactly the same thing, in effect, as if the purchaser had been required to pay the amount of his bid in cash and the trustee had immediately returned to him the money and made the credit as stated.

*Judgment in each case affirmed.  All the Justices concurring.*

Argued February 1, 2, — Decided March 5, 1898.

Complaint for land.  Before Judge Felton.  Bibb superior court.  November term, 1896.

*Washington Dessau* and *Robert Hodges*, for plaintiff in error.
*Estes & Jones*, contra.

---

MARSHALL *v.* SOUTHWESTERN RAILROAD COMPANY.

LITTLE, J.  It affirmatively appearing from the evidence brought up in the record, that the defendant company was not guilty of any negligence, and that the death of the plaintiff's wife was attributable to her failure to observe ordinary care for her own safety, a verdict for the defendant was demanded.  The trial court having correctly so adjudged, this verdict will be allowed to stand without closely scrutinizing the various grounds of the motion for a new trial; for, irrespective of the errors therein alleged, the only result which could have been legally arrived at upon the trial was reached.  *Judgment affirmed.  All the Justices concurring.*

Argued February 3, — Decided March 5, 1898.

Action for damages.  Before Judge Ross.  City court of Macon.  June term, 1897.

*Guerry & Hall*, for plaintiff.
*Steed & Wimberly* and *John R. Cooper*, for defendant.