## Jones Brick Company v. Seagler Brothers.

ATKINSON, J. 1. Where an owner of real estate, upon which improvements have been erected by a contractor, has paid the full contract price to the contractor, and the contractor has applied the whole amount so received by him to the payment of valid claims for material and labor employed in constructing the improvements, the owner will be protected against claims of lien for material furnished to the contractor, filed subsequently to payment and application of the full contract price as above indicated. Civil Code, § 3352 (2); *Green* v. *Farrar Lumber Co.*, 119 *Ga.* 30 (46 S. E. 62); *Prince* v. *Neal-Millard Co.*, 124 *Ga.* 884 (53 S. E. 761); *Massachusetts Bonding Co.* v. *Realty Trust Co.*, 142 *Ga.* 499 (2), 503 (82 S. E. 210).

2. One of the owners testified: "I did not obtain from Mr. J. C. Bond, the contractor, a sworn statement before paying him the money. I do not know of my own knowledge as to how he paid out the money, or to whom he paid the money that I paid him. I suppose he put it in material; that is what I paid it to him for. I do not know how much he owed in all at the time I paid him, and did not make any effort to find out what he owed, I paid it to him as he asked for it. . . The contract price was fourteen hundred dollars. I have paid that in full to J. C. Bond. I paid the full contract price." The contractor testified: "He paid me in partial payments as I needed it for material, and I paid it all out for material and labor that went into that building. The whole contract price was consumed in that way, and a little more. I used some of my wife's money on the job. I lost money on it. . . I can not state positively how much money I received myself. I never used any of it for my personal benefit. And I can not say positively how much I paid the Jones Brick Co. I can not say how much I paid to any other source. I paid it in small amounts for labor and different material. I can not give an explanation of it, but the money was used in the building. I was not doing any other work at that time. I was a contractor taking other contracts, but I was not doing anything at that time at all. I was not doing some work for Mr. Aultman; that was completed before I started this building. The contract price all went for material and labor. . . I completed that building sometime in the fall of 1913. I completed that building before the 27th day of February, 1914. The whole contract price was paid to me as soon as it was completed, sometime in the fall of 1913. It was all paid in 1913." Documentary evidence was also introduced, which showed that the materialman's lien was filed by the Jones Brick Company on February 27, 1914. *Held:* There being a plea that the plaintiff was not entitled to a lien, and that the defendant was not liable to the plaintiff, and no objection being taken to the sufficiency of the plea, or to the admissibility of the evidence, and the evidence being without conflict, the judge was authorized to direct a verdict for the defendant.

*Judgment affirmed. All the Justices concur.*

OCTOBER 19, 1916.

Lien foreclosure. Before Judge Mathews. Crawford superior court. November 20, 1915.

*Martin & Martin,* for plaintiff.

*Wallace & LeSeuer,* for defendants.