32714.  INGRAM *v.* BARFIELD *et al.*

DECIDED OCTOBER 11, 1949.  REHEARING DENIED OCTOBER 28, 1949.

*Grigsby H. Wotton, Augustine Sams,* for plaintiff.

*James R. Venable, John E. Feagin, R. E. Jones,* for defendants.

GARDNER, J. ■ While the parties contend that the only question for determination is whether said claim of lien was recorded within three months from the completion of the work, as provided by Code § 67-2002 (2) which provides that the claim of lien must be recorded "within three months after the completion of the work, or within three months after such material or machinery is furnished," this court is of the opinion that the case turns on another question. In *Green* v. *Farrar Lumber Co.,* 119 *Ga.* 30 (46 S. E. 62), the Supreme Court held: "Under

the provisions of the Civil Code, sec. 2801 (2) as amended by the act of 1899 (Acts 1899, p. 33, Van Epps Code Supp., sec. 6176), the owner of property improved by a contractor is bound to see that money paid by him to the contractor is applied to claims for material or labor unpaid at the date of the payment to the contractor, or else he will be liable for such claims in the event the contractor fails to pay them. When no claims of lien have been filed, the materialmen and laborers may be paid in such order as the contractor determines. If a claim of lien has been filed and recorded, then the owner must see that such materialman or laborer is satisfied out of the money paid by him to the contractor, or he will be held liable for the amount in the event, upon suit brought, it should be determined that the claim was valid. The owner is not in any event required to pay more than the contract price of the improvement to materialmen and laborers, but it is incumbent upon him to see that payments to the contractor are, to the full amount of the contract price, appropriated to materialmen and laborers, if there are valid claims to this extent." See *Prince* v. *Neal-Millard Co.*, 124 *Ga.* 884 (2) (53 S. E. 761). If such balance has been lawfully paid upon the making of an affidavit as provided by the statute, or has been advanced to the contractor and applied as indicated in *Green* v. *Farrar Lumber Co.*, supra, there is no liability on the part of the owner of the property. But if such balance has been advanced by him to the contractor, and has not been properly applied, there is such a liability. Where the owner has paid advances to the contractor, the burden of showing their proper application rests on him, in order to defeat a lien claimed by a materialman. *Prince* v. *Neal-Millard Co.*, supra, p. 894. In *Jones Brick Co.* v. *Seagler Bros.*, 146 *Ga.* 19 (90 S. E. 473), it was held, "Where an owner of real estate, upon which improvements have been erected by a contractor, has paid the full contract price to the contractor, and the contractor has applied the whole amount so received by him to the payment of valid claims for material and labor employed in constructing the improvements, the owner will be protected against the claims of lien for material furnished to the contractor, filed subsequently to payment and application of the full contract price as above indicated." In *Tuck* v. *Moss Mfg. Co.*, 127 *Ga.*

729 (56 S. E. 1001), it was ruled that "In a suit by a material-man to foreclose his lien for material furnished a contractor for the improvement of the real estate of another, the owner of the real estate may defend by showing that he has paid the full contract price to the contractor, and that the money has been applied by the contractor to the settlement of debts incurred in the performance of his contract, which would have been liens upon the property improved."

The defendant, C. C. Barfield, testified that he had a written contract with the defendant contractor, Milton Davis, to construct the house on the real estate involved for $11,730; that he paid the contractor under the contract $11,845. He testified: "I paid Mr. Davis a little more than called for in the original contract. As I was paying him along I did not know these other bills were outstanding or that work had been furnished by other people. . . I had a fixed price with Mr. Davis. He was to take care of all the bills. I did not undertake to see that Mr. Davis applied what I paid him toward any of these bills. He took the money. After the work was completed, that is the only affidavit I had from Mr. Davis, August 4th." He further testified that he accepted the house from the contractor and moved in around June 20, 1948.

The contractor testified that he built the house and that he had been paid the contract price by C. C. Barfield, all of it. "The money Mr. Barfield paid on the contract-price went into the house in the payment of labor and materials, every bit of it. . . After I received the bill dated June 2nd [the bill from the plaintiff] I received payments under my contract with Mr. Barfield. I didn't apply any of those to this particular bill. . . I drew on these contracts on these jobs as I was doing it, just as other people. I gave Mr. Barfield a statement in which I told him this particular bill was not paid."

The foregoing facts appeared undisputed from the evidence adduced. The case at bar falls squarely under the principle set forth in *Jones Brick Co.* v. *Seagler Bros.*, and *Tuck* v. *Moss Mfg. Co.* (supra), and applying the rulings made, the trial judge, sitting without a jury, properly rendered judgment for the defendants, C. C. Barfield and Marjorie Ray Barfield, that the plaintiff was not entitled to a special lien against their property for the

materials furnished and work done by him under his agreement with the contractor, Davis. No other judgment could have been properly rendered under these facts.

■ Under the above view, it is unnecessary for this court to determine whether the claim of lien was filed for record within three months from the completion of the work. Under the facts, however, it appears that the job undertaken by the plaintiff to tile the bathroom in the house being constructed by Davis for the Barfields, the plaintiff was to furnish the tile and install the same and such installing included cleaning the tile and scraping the cement therefrom, and that the job was not completed until the tile installed had been cleaned and the cement scraped from the same. This work was done August 10, 1948, and the claim of lien was recorded September 21, 1948, within three months therefrom. See, in this connection, *Loudon* v. *Coleman,* 62 *Ga.* 146 (9).

Applying the above ruling, the evidence demanded a judgment for the defendants, owners of the real estate involved, that the plaintiff was not entitled to a special lien against the same, and the court did not err in overruling and denying the plaintiff's motion for new trial, as amended.

The fact that the judgment for the defendants was based on the theory that the evidence showed that the claim of lien was not recorded within three months from the completion of the work and that this was incorrect does not alter the result. A judgment for the defendants was demanded under the decisions of *Jones Brick Co.* v. *Seagler Bros.,* and *Tuck* v. *Moss Mfg. Co.* (supra).

The judgment overruling the plaintiff's motion for new trial was correct even though the trial judge assigned as his reason for the judgment for the defendants an incorrect theory. See *United States Casualty Co.* v. *Scott,* 51 *Ga. App.* 115 (179 S. E. 640).

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*