18988. DAVIS *et al.* v. DAVIS *et al.*

Submitted June 13, 1955—Decided July 12, 1955.

*G. W. Langford,* for plaintiffs in error.

*Frank M. Gleason,* contra.

Almand, Justice. Naomi Davis and others, as heirs at law of Ed Davis, who died intestate in December, 1949, brought an equitable petition against Rosie Davis, the widow of George Davis, his heirs at law, and the remaining heirs at law of Ed Davis. George Davis, a son of Ed Davis, died intestate in 1950. There had been no administration on either estate. The petition sought to cancel a deed purportedly signed by Ed Davis to George Davis, dated August 30, 1949, conveying 64 acres of land more or less, for $10 and other valuable considerations. It was asserted in the petition that the deed from Ed Davis to George Davis was not signed by Ed Davis but by his wife, Mary Davis, and that Ed Davis did not authorize his wife to sign his name to the deed, but that it was signed by her without his consent, direction, or authority, and that at the time said purported deed was executed Ed Davis was mentally incapable of authorizing anyone to sign it for him. The defendants James Davis and

Rosic Davis filed their answers, in which they denied the material allegations of the petition, and alleged that the deed was legally executed upon a valuable consideration, and that the grantor subsequently to its execution had ratified the same. On the trial a jury returned a verdict for the plaintiffs. The defendants' motion for a new trial, on the general and 6 special grounds, was denied, and the case is here on exceptions to that judgment.

As we view the case, the controlling question is, was there any evidence to show that the name of Ed Davis was affixed to the deed here involved in his presence and at his direction?

Though a deed may be signed, sealed, and delivered by a person under parol instructions, if the grantor be present at the time, and it will pass good title, because the act of the agent is done at the instance and on the direction of the principal, and therefore is his act (*Brown* v. *Colquitt*, 73 *Ga.* 59, 62, 54 Am. R. 867), the evidence in this case, in our opinion, demanded a finding that, though the deed was signed by the grantor's wife in his physical presence, it was done without any authority, consent, or direction from the grantor, and at a time when all the facts and circumstances show that the grantor was not conscious of the particular transaction, and such act on the part of his wife was never ratified by him prior to his death about four months later.

From the evidence, or lack of it in the record, the following occurred at the time the alleged deed was signed by Mary Davis: On the day of the purported execution of the deed, the grantor, 84 years of age, was confined to his bed, having been ill with cancer for several years and unable to sit up. His son George Davis went to the home of Cliff Ellis, a justice of the peace, with the prepared deed, and requested Ellis to go with him to the residence of Ed Davis. When they arrived at the home of Ed Davis, it was "dusky dark." According to Ellis, Mary Davis, the wife of Ed Davis, said that Ed was not able to sign the deed, but wanted her to sign it. Mary Davis testified that Ellis told her to sign the deed. Present at the time were George Davis, his wife, Rosie Davis, and Ed Davis. Nothing was said in the presence of Ed Davis as to what deed or paper was to be signed, nor what land was being conveyed, nor who was the grantor, nor

what the consideration was, nor was there any conversation between the parties as to what was taking place. Even if Ed Davis was conscious, so as to put him on notice of what particular paper or its contents was being signed, there is no evidence in the record that he instructed or authorized his wife to sign the paper. She testified that her husband never discussed with her the making of the deed, either before or after she signed it. At the time the deed was signed, the room was dark and a lamp was lighted.

Though there is some evidence in the record that Ed Davis discussed selling this land to his son George Davis for a sum exceeding $10 per acre, and that, the day after the alleged signing of the deed, he had said that he was going to sell or had sold the land to George Davis, there is no evidence that he said, after August 30, 1949, that he had made a deed to George Davis, or had authorized someone else to sign one for him, or that the grantee, George Davis, had ever paid to him any consideration for the purchase of the land, or that Ed Davis had said or done anything to affirm or ratify the act of his wife in signing his name to the deed.

The verdict for the plaintiffs being demanded by the evidence, the intermediate errors, if any, in the admission of certain evidence, and in certain instructions of the court, upon which error is assigned in the amended motion for a new trial, are harmless, and require no specific consideration. *Smith* v. *Wilkes and Mc-Duffie Counties,* 79 *Ga.* 125 (2) (4 S. E. 20); *Marshall* v. *Southwestern R. Co.,* 103 *Ga.* 585 (30 S. E. 431); *Smith* v. *Stone,* 127 *Ga.* 483 (2) (56 S. E. 640).

There was no error in denying the motion for a new trial.

*Judgment affirmed. All the Justices concur.*