## 40339. DAVENPORT BROTHERS v. PEPPER.

RUSSELL, Judge. The evidence in this lien foreclosure suit is without any substantial conflict. The plaintiff materialman, Davenport Brothers, furnished the contractor Garrett with certain materials to be used under a contract between Garrett and the defendant Pepper to construct a residence for the latter; it did not receive full payment for the materials furnished and thereafter filed its claim of lien against Pepper and sued to judgment the account against Garrett in the sum of $1,251.69, which established the amount due it on the contract. *Chambers Lumber Co. v. Gilmer*, 60 Ga. App. 832, 835 (5 SE2d 84). In the lien foreclosure action Pepper testified that he paid the contract price to Garrett. Garrett testified, "According to my figures I got $9,003.18 for the house. . . I paid all I received from Elmo Pepper for material and labor which went into the construction of the house. I didn't keep any for myself. The building I did, I spent the pay-out. . . I did not retain any even for my own labor. All of these payments went for material and labor which could have been claims against Mr. Pepper had it not been paid." This testimony was not challenged or

controverted, and constitutes a complete defense. "In a suit by a materialman to foreclose his lien for material furnished a contractor for the improvement of real estate of others, the owners of such real estate may defend by showing that they have paid the full contract price to the contractor and that the money paid has been applied by the contractor to the settlement of debts incurred in the performance of his contract, which would have been liens upon the property improved." *Ingram v. Barfield*, 80 Ga. App. 276 (1) (55 SE2d 725). The evidence therefore demands a verdict in favor of the defendant. If it should be argued that there still remained a jury issue on the theory that Garrett had done work for Pepper on other buildings, and that perhaps some part of the payments went to the account of other work (the contractor testified that he received a total of $14,513.82 from Pepper) this would not help the plaintiff's case for there is no testimony that would have entitled the jury to return a verdict in any given amount less than the whole sued for, and the evidence demanded a finding that money was paid out for labor and materials used in the residence.

Where the verdict is demanded by the evidence, errors in the charge of the court are harmless and require no consideration. *Davis v. Davis*, 211 Ga. 714 (88 SE2d 377). Even when the verdict is not absolutely demanded, but the case is not a close or doubtful one on the merits, slight inaccuracies which do not appear to be material or prejudicial will not require reversal. *Scoggins v. State*, 98 Ga. App. 360 (106 SE2d 39). The special grounds assign error on slight verbal inaccuracies of the court in designating the respective positions of the parties to the case on trial, and in his failure to make clear that the verdict sought by the plaintiff was in rem as a lien on the property rather than in personam as a money judgment. None of these could have affected the outcome of the case and for the reasons stated will not be individually considered.

The trial court did not err in overruling the motion for new trial. *Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

DECIDED SEPTEMBER 24, 1963.

*Cecil D. Franklin,* for plaintiff in error.
*Wayne W. Gammon,* contra.