### 40659. SOLOMON v. ROBERT SPECTOR LUMBER COMPANY.

FELTON, Chief Judge. *Code Ann.* § 67-2001 (2) provides that the true owner of improved real estate can prevent a materialman's lien from attaching thereto by producing the "sworn statement of the contractor, or other person, at whose instance the work was done or material was furnished, or such services furnished or rendered, *that the agreed price or reasonable value thereof has been paid."* (Emphasis supplied).

The affidavit of the contractor produced by the defendant-owner, Solomon, although showing that the contractor had received the full contract price and that the amount of the plaintiff's lien was within the contract price, also showed only that $6,250 of the contract price was actually used by him in the payment for supplies, material and labor on the contract, without stating that the balance of the contract price, some $24,000, was similarly used. Furthermore, the affiant specifically swore that the materials furnished by the plaintiff company—along with a list of other bills for labor, material and services used on the contract, aggregating more than the $6,250—had not been paid for. The contractor testified by deposition that out of a total of $32,050 paid directly to him by the owner, $6,420.62 was drawn for his personal use and not used for labor and materials on the job, and the balance of $25,623.38 was used for the labor and materials. Regard-

less of which of the conflicting evidence of the affidavit and the deposition is accepted as the truth, the defendant-owner has failed to make out a valid defense to the lien, in the absence of an affidavit from the contractor as required by *Code Ann.* § 67-2001 (2), since in either event it appears that the amount of plaintiff's claim of lien is less than that portion of the contract price which was not applied to payment of valid claims for labor and materials employed in constructing the improvement. *Tuck v. Moss Mfg. Co.*, 127 Ga. 729 (1) (56 SE 1001); *Massachusetts Bonding &c. Co. v. Realty Trust Co.*, 142 Ga. 499 (3) (83 SE 210); *Green v. Farrar Lumber Co.*, 119 Ga. 30 (46 SE 62). That there may be other claims of lien in an amount in excess of such portion of the contract price is no defense to the lien asserted in the present case. *Tuck v. Moss Mfg. Co.*, 127 Ga. 729 (4), supra. There being no proper affidavit from the contractor as required by law, and the amount of the asserted lien coming within the portion of the contract price not applied to payment of valid claims for labor and materials, the court did not err in granting the plaintiff's motion for summary judgment.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*

DECIDED MAY 22, 1964—REHEARING DENIED JUNE 4, 1964.

*Parks & Eisenberg, David S. Eisenberg,* for plaintiff in error. *Claude Hambrick,* contra.