44744. SHORT & PAULK SUPPLY COMPANY, INC. v. DYKES.

44745. TIFTON LUMBER COMPANY v. DYKES.

64C

ARGUED SEPTEMBER 3, 1969—DECIDED OCTOBER 23, 1969—
REHEARING DENIED NOVEMBER 13, 1969—

*Reinhardt, Ireland, Whitley & Sims, Tyron Elliott,* for appellants.

*Sutton, Kelley & Pittman, Thomas H. Pittman, Frank Sutton,* for appellee.

EBERHARDT, Judge. ■ *Code Ann.* § 67-2001 (2) provides that all liens afforded by § 67-2001 shall be dissolved if the owner shall "produce the sworn statement of the contractor, or other person, at whose instance the work was done or material was furnished, or such services furnished or rendered, that the agreed price or reasonable value thereof has been paid." It is well to note that the "agreed price or reasonable value thereof" refers not to the contract price between the owner and the contractor for completing the improvement, but to the price agreed upon between the contractor and the supplier of labor, services or materials, or the value of those. If the owner has paid the full construction contract price he should have ample evidence of that and he would not need the contractor's affidavit as to it to comply with this statute; what he does need from the contractor is an affidavit as to the contractor's payment of the price or value of labor, services and materials, which is something about which he may hold no other evidence of payment. Of course, there is no harm in including in the contractor's affidavit that he has received from the owner full payment of construction contract price, and it may be of assistance for some other purpose. Harrell's affidavit fails to meet the statutory requirement. While he does swear that he appropriated all funds paid to him by the owner to the payment of bills for labor and materials used in

■

building the house, he does not swear that *all* outstanding bills for labor and materials so used have been paid.

"The manifest purpose of this statute is to make the property of the owner liable for material which entered into the construction of the improvement on the employment of a contractor, within the limits of the contract price, unless the materialman waives his lien, or unless, upon the final completion of the work, the true owner, before payment of the contract price, takes from his contractor a sworn statement that *all work done or material furnished has been paid for at the agreed price or reasonable value.* Only one affidavit by a contractor is contemplated by the statute." (Emphasis supplied.) *Massachusetts Bonding &c. Co. v. Realty Trust Co.*, 142 Ga. 499, 503 (83 SE 210).

In *Gignilliat v. West Lumber Co.*, 80 Ga. App. 652, 654 (56 SE2d 841) it was held that: "Under this statute, when the owner produces the affidavit of the contractor in compliance with such statute, *stating that all bills for labor and material have been paid,* the materialman's claim against the owner by command of the statute cannot be perfected into a lien upon the property of the owner." (Emphasis supplied.)

■ Having concluded that the affidavit of the contractor does not meet the requirements of *Code* § 67-2001 (2), as amended, it did not work a dissolution of appellants' liens. The claims for the liens were duly filed and recorded within the time provided in § 67-2002 (2), and suits to foreclose them were filed within 12 months after the amount claimed became due, as required by the statute. It now becomes necessary that we determine whether the owner's affidavit, together with that of the contractor, submitted in support of the owner's motion for summary judgment authorized the grant of judgments in her favor. We consider these in this and the succeeding division of this opinion.

The owner may establish a complete defense to an action to foreclose the liens by showing that the full construction contract price has been paid to the contractor and that the contractor, in turn, has disbursed the sum or sums representing the construction contract price which he received from the owner to the payment of valid claims of materialmen and laborers at a time

when they were entitled under the law to file and record their claims for liens, and that the payments were made at a time when no materialman or laborer had filed for record any claim of lien. It is the owner's responsibility to see to it that the payments which he makes on the construction contract price are properly disbursed by the contractor to those having valid claims for labor and materials, and in establishing his defense to the foreclosure he has the burden of showing that this was done. *Green v. Farrar Lumber Co.*, 119 Ga. 30 (46 SE 62); *Tuck v. Moss Mfg. Co.*, 127 Ga. 729 (56 SE 1001). He is protected as against claims for liens which may have been filed and recorded subsequently to the full payment and proper disbursement of the contract price. *Jones Brick Co. v. Seagler Bros.*, 146 Ga. 19 (90 SE 473).

■ Except for the amount claimed, the pleadings of each of the plaintiffs (materialmen) and the defendant (owner) are the same in these cases. As her defense the owner, admitting the jurisdictional allegations, denies that there has been any demand for payment, and says that she is without sufficient information to admit or deny allegations that plaintiffs supplied materials to the contractor in stated amounts for the job, that they have not been paid and have filed their claims for lien as provided by law. Then, as her affirmative defense, she alleges that she entered into a contract with Eddie Harrell for the construction of a house on certain realty, a copy of which is attached to her answer as Exhibit A, that the realty and improvements are the same as that against which plaintiffs seek judgments in rem, and that the contract price for the improvements to be constructed was $7,000. She then asserts that "Defendant has paid the full agreed contract price to said contractor and said contractor has in turn paid the full agreed contract price to materialmen and laborers other than plaintiff in this action. Said payments were made by said contractor prior to the date that plaintiff's claim of lien was filed and recorded in the office of the Clerk of Tift Superior Court."

The owner moved for summary judgment, in support thereof relying upon her defensive pleadings, her own affidavit and that of Eddie Harrell, the contractor. In her affidavit she asserted

that she entered into a contract with Eddie Harrell for the construction of a house on the described realty, the original of which has been lost or misplaced but that a true copy is attached as Exhibit A (being the same as a copy attached to her answer and defense), that she "did pay to Eddie Harrell the full agreed contract price of $7,000, and that Eddie Harrell appropriated the full sum of $7,000, which was paid to him by affiant, to the payment of valid and just claims of materialmen and laborers other than plaintiff in this case." She further asserts that at no time did she authorize the contractor to spend more than the contract price in construction of the house and that she "had no knowledge that the cost of said construction was more than the agreed contract price of $7,000"—thus an apparent default in her duty to see to it that the money was properly disbursed.

Eddie Harrell, the contractor, asserted in his affidavit that the total agreed contract price to be paid the contractor by the owner was $7,000, that the owner had paid that sum in full to him and that he had appropriated the full agreed contract price to the payment of valid and just claims of materialmen and laborers other than plaintiffs, which claims were for materials and labor used in construction of the dwelling, and that the appropriation of the contract price to the payment of those claims was done prior to the date of the filing or recording of any claims for liens whatsoever against the property.

It will be seen at once that the recitals in these affidavits are no more than a repetition of the allegations of the owner's affirmative defense. In her own affidavit Mrs. Dykes does not assert that it comes within her own knowledge that the appropriation of the full contract price to the payment of valid claims of materialmen and laborers was done by the contractor, or that of her own knowledge this was accomplished prior to the filing or recording of any liens. *Code Ann.* § 81A-156 (e); *Hancock v. Hancock,* 223 Ga. 481, 486 (156 SE2d 354); *Chandler v. Gately,* 119 Ga. App. 513 (1) (167 SE2d 697). Nor does her assertion that the full contract price was paid prior to August 15, 1968 "by personally tendering to Eddie Harrell *at various times* prior to said date amounts of money *in cash*

totaling $7,000 which sums were accepted by Eddie Harrell," indicate that she had personal knowledge of the appropriation of the money to the payment of claims for labor and materials, or as to when it may have been done. Indeed, it strongly indicates the contrary.

In his affidavit Harrell, like Mrs. Dykes, has parroted the allegations of her affirmative defense.

As was said in *Resolute Ins. Co. v. Norbo Trading Corp.*, 118 Ga. App. 737 (165 SE2d 441), "There is in fact some doubt as to whether the [affidavits] should be considered at all. As stated in *Crutcher v. Crawford Land Co.*, 220 Ga. 298 (3) (138 SE2d 580), pleading allegations, although verified, are not alone sufficient to create a jury issue when opposed by factual affidavits. . . 'It is one thing to make wide general sweeping allegations in a petition, but quite another to testify of one's own knowledge to the existence or non-existence of a fact.' " Of course the Supreme Court was dealing with allegations in the plaintiff's petition in *Crutcher,* but when we deal with a defensive pleading the same principle must be applied.

Neither Mrs. Dykes nor Harrell supported her allegations with facts as to when the payments of the contract price were made—beyond her sweeping statement that they were made at various times and in various amounts prior to August 15, 1968. Neither gives any facts as to who the laborers and materialmen receiving the money when Harrell appropriated it to them may have been, or for what items the payments were made, or the amounts thereof, beyond his statement that the payments were made to people who had furnished labor and materials used in construction of the dwelling.

When affidavits are offered in support of a motion for summary judgment, as establishing a defense to the foreclosure, only those portions which were made upon personal knowledge of the affiant, which were not mere conclusions unsupported by facts, and which would be admissible under the general rules of evidence upon a trial should be considered. Mrs. Dykes' hearsay statements as to what Harrell may have done, or as to what he testified to in his affidavit, must go out. Mr. Harrell's assertion that the claims to which he appropriated the money were "valid

and just" is a legal conclusion. He does not support it with facts as to what the claims may have been for, or the amounts thereof or as to the amounts that he may have paid to these people, or who they may have been. *Jones Brick 'Co. v. Seagler Bros.*, 146 Ga. 19, supra, does not require a different result as to this facet of the matter, for, as the court pointed out in that case, there was no objection to the sufficiency of the plea or as to the admissibility of the evidence. It did not hold that the kind of evidence appearing in that case would have been admissible on trial of the case had there been objection—a requirement as to affidavits in support of or in opposition to motions for summary judgment. *Code Ann.* § 81A-156 (e). Likewise, *Ingram v. Barfield,* 80 Ga. App. 276 (55 SE2d 725) is not relevant here, for in that case the the only question for decision was whether the evidence showed that the claim of lien had been filed within three months from the date the materials were furnished and the work done.

The contract relied upon here did provide that payments on the job would be made as construction progressed, and that "The percentage of completion at various times when draw of money is desired shall be determined by a representative of either Short and Paulk Supply Company or A & M Builders Supply." This would indicate that these suppliers would probably furnish a considerable portion of the materials to be used. Indeed, the claim of Short & Paulk for which it filed its lien and now seeks foreclosure is for $2,340.25. The claim of Tifton Lumber Company is for $3,265.21. These total $5,605.46 and amount to *more than 80 percent of the construction contract price.* Yet, in his affidavit Harrell says that he appropriated the entire $7,000 to the payment of claims for labor and material used, *other than the claims of these plaintiffs.* Either there was an incredible overrun on the contract or some of the money was diverted. This, we think, is sufficient to raise serious questions as to Harrell's credibility and of whether the owner has carried her burden of showing that the money was properly applied by the contractor, which the jury alone can resolve. *Code* § 38-1805; *Ginn v. Morgan,* 225 Ga. 192 (167 SE2d 393). Harrell is an interested witness. If he received the full contract price for the

job he became a trustee of the funds for the purpose of disbursing them properly to those who held valid claims for labor and materials, and his failure faithfully to do so would render him criminally liable. *Code Ann.* § 26-2812 (Ga. L. 1941, p. 480); *Johnson v. State,* 203 Ga. 147 (45 SE2d 616); *Solomon v. Robert Spector Lumber Co.,* 109 Ga. App. 801 (137 SE2d 473). He has an interest in swearing as he does. But where there is such a degree of improbability in the statements of themselves, however positively made, and where the circumstances supply a reason, a jury may disbelieve him. The contradictions or apparent contradictions may appear from his own testimony, or from it in conjunction with other evidence. "Implications inconsistent with the testimony may arise from the proved facts; and in still other ways the question of what is the truth may remain as an issue of fact despite uncontradicted evidence in regard thereto." *Cooper v. Lumbermen's Mut. Cas. Co.,* 179 Ga. 256, 261 (175 SE 577). And see *Patton v. State,* 117 Ga. 230 (5) (43 SE 533). While we do not pass on the credibility of the witness, we are constrained to point out these circumstances which are amply sufficient of themselves to raise it as an issue. The matter should be submitted to a jury.

*Judgments reversed. Bell, C. J., and Deen, J., concur.*