### 61973. ADAMS et al. v. W. P. STEPHENS LUMBER COMPANY.

DEEN, Presiding Judge.

The appellant owners of real estate entered into a contract with Buildco Enterprises, Inc. for the construction of a residence at a total price of $52,315.00. Prior to Buildco's abandonment of the project and subsequent bankruptcy it paid the contractor $40,731.00, $19,816.00 of this amount being paid between June 15 and August 3, 1979. The bankruptcy petition was filed September 25, 1979. Meanwhile, W. P. Stephens Lumber Co. had furnished the contractor numerous orders for materials on the house, as to which this materialman filed a lien in the amount of $11,293.38 on June 8, 1979. A complaint based on the lien was filed in September, and resulted in a finding in favor of the lienholder. The owners appeal on the ground that they have, since the contractor abandoned the construction in August, 1979, paid out an additional sum of $11,729.45 to have the house completed, making a total of $52,460.45 spent by them, which is more than the contract price.

The question may be summarized: Where a contractor abandons a construction contract before completion, may the owner, *after unpaid materialmen have filed their liens* claim a defense against judgments thereon by reason of having spent more than the total contract price when the amount paid for labor and materials to complete the house is added to sums paid the contractor?

The trial court answered this question in the negative, giving priority to liens filed before the work of completion accomplished

after the contractor's abandonment. The appellee argues that this judgment is correct because *Short &c. Supply Co. v. Dykes,* 120 Ga. App. 639 (171 SE2d 782) (1969) makes a distinction between payments to complete the building made prior to the recordation of the materialman's lien and those made after the lien is filed. "The owner may establish a complete defense to an action to foreclose the liens by showing that the full construction contract price has been paid to the contractor and that the contractor, in turn, has disbursed the sum or sums representing the construction contract price which he received from the owner to the payment of valid claims of materialmen and laborers at a time when they were entitled under the law to file and record their claims for liens, and that the payments were made at a time when no materialman or laborer had filed for record any claim of lien." Id., pp. 642, 643. This wording seems to indicate that the rule would be different if the lien were filed before the payment. In that case, however, the contract was completed by the contractor whereas here the construction was abandoned. We therefore feel constrained to follow the earlier Supreme Court case of *Young v. Harley-Mitchell Hdw. Co.,* 173 Ga. 35 (1) (159 SE 567) (1931): "Where a contractor, under a definite contract containing a stipulated price for the entire work, undertakes to erect a building on a lot of land and abandons the construction of the building, the owner may complete the work; and if he does so, the necessary cost of so doing may be deducted from the contract price, and the property will be subject to the liens of materialmen and laborers to the extent only of the balance." In that case the contractor discontinued work on March 18, 1929. The liens were filed between March 18 and March 31 *prior to the owner's expenditure of any further money on the work.* In spite of this it is distinctly ruled that where it is necessary to expend the entire contract price in completing the construction called for by the contract the materialman or subcontractor is not entitled to a judgment in rem against the property. This tallies with the proviso of Code § 67-2002 (3) that "in such action for recovery, the owner of the real estate improved, who has paid the agreed price, or any part of same, may set up such payment in any action brought, and prove by competent and relevant evidence that such payments were applied as provided by law, and no judgment shall be rendered against the property improved." See also *E. Smith Heating & Air Conditioning v. Biggers,* 139 Ga. App. 216 (228 SE2d 203) (1976). While it did not appear in Biggers' case whether the liens were filed prior to the expenditures necessary to complete the building, under *Young,* supra, this does not matter. The defendant owner having been forced to pay the entire contract price, liens of materialmen unpaid by the contractor are invalid as against the owner in an in rem proceeding,

provided, of course, that the owner upon trial of the case shows sums paid the contractor were properly appropriated to materialmen and laborers, or that the contractor's statutory affidavit was obtained. *Jones Mercantile Co. v. Lyn-Har, Inc.,* 245 Ga. 812 (267 SE2d 251) (1980).

*The grant of summary judgment to the appellee was error. The denial of the appellant's motion for summary judgment was proper. Judgment reversed in part and affirmed in part. Banke and Carley, JJ., concur.*

DECIDED JUNE 9, 1981.

*G. Fred Bostick,* for appellants.
*David Alexander Sellers,* for appellee.