62875, 62876, 62877. C. E. SELF & SON et al. v. JEROME et al. (three cases).

POPE, Judge.

Appellants subcontractors filed these actions seeking judgments in the amounts of $9,300.00, $5,997.30 and $5,239.50 respectively alleged to be due from general contractor Structioneers of Brunswick, Inc. and also seeking special judgments giving each a lien on certain described real estate owned by appellee Glynn Properties, Inc. (hereinafter Glynn). Glynn moved to dismiss each case on the ground that the liens filed by the various appellants subcontractors did not comply with Georgia law. Following a hearing on the motions, the trial court entered a judgment in favor of Glynn in each case. Appellants' actions against the other parties defendant remain pending below. Because the relevant facts in each case are the same, these cases are consolidated for consideration on appeal.

The respective orders of the trial court granting judgment to Glynn do not recite the ground(s) therefor. Appellants contend on appeal that the decision of the trial court was based upon a document entitled "Affidavit of Owner and Contractor, Waiver of Lien." Since Glynn also addressed only this issue on appeal, we will limit our consideration of this case accordingly.

The thrust of appellants' entire argument on appeal is that the

foregoing "affidavit and waiver" was inadequate under Code Ann. § 67-2001 (2) to dissolve the liens. This document contained two affidavits and a waiver of lien. The first affidavit was executed by Glynn and recited that as of April 14, 1978 Glynn had paid Structioneers the entire contract price of $227,000.00 for improvements on the subject property. The second affidavit was executed for Structioneers by its president J. S. Jerome on April 14, 1978 and recited that upon full payment of the aforementioned contract price, Structioneers would "waive all liens and claims [it had] with respect to the improvements and the [subject] property . . ." The waiver of lien was also executed by Structioneers on April 14, 1978 and provided: "FOR VALUE RECEIVED, the undersigned hereby waive, relinquish and release all right and claim to lien for labor and material furnished in connection with the aforedescribed improvements and property, and covenant and agree to save and hold harmless the owner and mortgagee of said property against any and all liability, claims, and damages resulting from any and all liens for labor and materials furnished in connection with said improvements."

Code Ann. § 67-2001 (2) provides that liens afforded by § 67-2001 (1) shall attach to the improved property unless the owner of the property ". . . shall show that such lien has been waived in writing, or shall produce the sworn statement of the contractor . . . at whose instance the work was done or material furnished . . . that the agreed price or reasonable value thereof has been paid." Although the "affidavit and waiver" clearly shows that Structioneers has waived any claim of lien and has agreed to hold Glynn harmless against any and all liens resulting from the contracted improvements on the subject property, this is not evidence that appellants subcontractors have waived their right to claim liens against the subject property. See *AAA Plastering Co. v. TPM Const.,* 247 Ga. 601 (277 SE2d 910) (1981). Also, "[i]t is well to note that the 'agreed price or reasonable value thereof' refers not to the contract price between the owner and the contractor for completing the improvement, but to the price agreed upon between the contractor and the supplier of labor, services or materials, or the value of those. If the owner has paid the full construction contract price he should have ample evidence of that and he would not need the contractor's affidavit as to it to comply with this statute; what he does need from the contractor is an affidavit as to the contractor's payment of the price or value of labor, services and materials, which is something about which he may hold no other evidence of payment. Of course, there is no harm in including in the contractor's affidavit that he has received from the owner full payment of construction contract price, and it may be of

assistance for some other purpose."[1] *Short & Paulk Supply Co. v. Dykes,* 120 Ga. App. 639, 641 (171 SE2d 782) (1969).

Structioneers' affidavit meets the statutory requirement. The affidavit executed by Glynn recites that Structioneers was the only contractor or furnisher "with whom said owner has contracted for improvement of the [subject] property," and that the full contract price has been paid to Structioneers. The affidavit executed by Jerome for Structioneers recites that he has read Glynn's affidavit, that the facts set forth therein are full and complete to the best of his knowledge, information and belief, and that he "knows of no parties other than those listed in [Glynn's] affidavit who have furnished labor or material for the improvements . . . described." As noted above, Structioneers also waived any claim to lien for labor and material furnished in connection with the improvements on the property.

" 'The manifest purpose of [Code Ann. Ch. 67-20] is to make the property of the owner liable for material which entered into the construction of the improvement on the employment of a contractor, within the limits of the contract price, unless the materialman waives his lien, or unless, upon the final completion of the work, the true owner, before payment of the contract price, takes from his contractor a sworn statement that *all work done or material furnished has been paid for at the agreed price or reasonable value.* Only one affidavit by a contractor is contemplated by the statute.' (Emphasis supplied.) *Massachusetts Bonding &c. Co. v. Realty Trust Co.,* 142 Ga. 499, 503 (83 SE 210) [(1915)]." *Short & Paulk Supply Co. v. Dykes,* supra at 642; *Ingram v. Barfield,* 80 Ga. App. 276 (1) (55 SE2d 725) (1949). In light of Structioneers' affidavit to the effect that it was the only party to have furnished labor and materials for the improvements on the subject property and that it had been fully paid, we conclude that appellants subcontractors could not perfect their liens upon Glynn's property. Moreover, Structioneers has waived in writing any claim of lien it might have had against the subject property.

"We, of course, recognize that the possibility that a contractor's affidavit may be false works a hardship against one in [appellants'] position, but to hold otherwise would equally effect a hardship against [the] owner, who would then be forced to pay twice for improvements to his property. In view of [Glynn's] compliance with

---

[1] E.g., the subject document recites that it was given "for the purpose of inducing Small Business Administration and/or its participating bank to make disbursement of a loan authorized by SBA under date of April 14, 1978."

the requisites of Code Ann. § 67-2001 (2), we find no error in the grant of [its] motion[s] [to dismiss]." *Lowe's of Ga. v. Merwin,* 156 Ga. App. 876 (1) (275 SE2d 812) (1981).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 2, 1982.

*Alan B. Smith,* for appellants.
*Robert H. Baer, Ivan H. Nathan,* for appellees.