A97A0133. MAVERICK MATERIALS, INC. v. KAUFFMAN et al.
(488 SE2d 690)

ANDREWS, Chief Judge.

Maverick Materials, Inc. ("Maverick") appeals from the trial court's order granting summary judgment to James and Nancy Kauffman on a materialman's lien filed by Maverick against the Kauffmans' property. For the reasons which follow, we affirm the judgment of the trial court.

In August 1994, the Kauffmans entered into a contract for the construction of a house for $182,000. The contractor abandoned the project after receiving $135,000 of the contract price. The contractor submitted an affidavit stating that only $59,928 of the total $135,000 paid was properly applied to labor and materials for the house. The Kauffmans then spent $123,974 to complete the house.

The Kauffmans claim payments in excess of the contract price as a defense to the claim of lien. OCGA § 44-14-361.1 (e) provides: "In no event shall the aggregate amount of liens set up by Code Section 44-14-361 exceed the contract price of the improvements made or services performed." In situations where the contractor has abandoned the project, "the cost of completing the work is to be deducted from the contract price in order to ascertain the amount up to which the subcontractors may claim liens; and if such deductions, together with payments previously made to the contractor, equal or exceed the entire contract price, then of course the subcontractors and materialmen have no lien, since there is nothing due under the contract. . . . [T]he owner is required to show that the sums paid to the contractor were properly appropriated to materialmen and laborers or that the contractor's statutory affidavit concerning such indebtedness had been obtained." (Citations and punctuation omitted.) *Jones Mercantile Co. v. Lyn-Har, Inc.*, 245 Ga. 812 (267 SE2d 251) (1980). The Kauffmans argue the trial court correctly granted their motion for summary judgment as the $59,928 applied under the contract plus the $123,974 spent to complete the house, total $183,902, which is

$1,902 in excess of the contract price.[1]

1. Maverick claims, however, that there is no such thing as "partial payment" of amounts properly applied under the contract. It cites no authority for the proposition that since the whole $135,000 was not properly applied to labor and materials for the house, then even the amount that was paid cannot be considered. Case law is to the contrary.

Although it is true that "[t]he payment of some of the contract price when not properly applied does not relieve the owner for the amount of the subcontractor's and materialmen's liens remaining unpaid, so long as the liens are within the limits of the contract entered into between the owner and the contractor." Hinkel, Ga. Construction Mechanics & Materialmen's Liens, § 5-6 at 45 (9th ed. 1988); *Henderson v. Mitchell Engineering Co.*, 158 Ga. App. 306 (279 SE2d 750) (1981). However, the owner is entitled to credit against lien claims for any sums paid to the contractor which were properly applied to bills for labor and material. Hinkel, supra at 45, citing *Sanford v. Hodges Builders Supply*, 166 Ga. App. 86 (303 SE2d 280) (1983).

2. Maverick also argues that the full contract price had not been paid at the time its lien was filed and, therefore, the defense of payment of the contract price is not available to the Kauffmans. We disagree. "It does not matter if the owner pays additional costs for completion before or after lien claims have been filed so long as the owner can prove the cost of completion and can produce a valid contractor's affidavit or show the sums paid the contractor were properly appropriated to subcontractors, materialmen or laborers." Hinkel, supra at 42, citing *Adams v. W. P. Stephens Lumber Co.*, 158 Ga. App. 761 (282 SE2d 217) (1981).

The recent Supreme Court decision in *Browning v. Gaster Lumber Co.*, 267 Ga. 72 (475 SE2d 576) (1996) is not to the contrary. In that case, payments made by the owner to the *contractor* were disbursed after the liens were filed. Id. This is consistent with well-settled case law that "[i]t is the owner's responsibility to see to it that the payments which he makes on the construction contract price are properly disbursed by the contractor to those having valid claims for labor and materials, and in establishing his defense to the foreclosure he has the burden of showing that this was done." Id. at 76, quoting *Jones Brick Co. v. Seagler Brothers*, 146 Ga. 19 (90 SE 473) (1916).

In *Adams*, supra, this Court distinguishes between payments made to the contractor for disbursement and payments made by the

---

[1] Maverick does not dispute these amounts.

owner to complete the project after the contractor has abandoned the work. Id. at 762. *Adams* relied on the early Supreme Court of Georgia case of *Young v. Harley-Mitchell Hardware Co.*, 173 Ga. 35 (159 SE 567) (1931), which allowed the owner to complete the work even though liens were filed between the time the contractor discontinued work and prior to the owner's completion of the project. Id. at 36. Since *Browning* is distinguishable and *Adams* and *Young* are directly on point, we find the latter two cases controlling in this case. The trial court did not err in granting summary judgment to the Kauffmans.

In light of our holding above, we need not address the remaining enumerations of error.

*Judgment affirmed. Beasley, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 17, 1997 —
RECONSIDERATION DENIED JULY 2, 1997 — 

*Rachelson & Beloin, Ira L. Rachelson, Edward A. White*, for appellant.

*Blasingame, Burch, Garrard, Bryant & Ashley, Thomas H. Rogers, Jr.*, for appellees.